Meehan vs. Blodgett.

Meehan, Appellant, vs. Blodgett, imp., Respondent.

*November 28 — December 29, 1893.*

*Foreclosure of mortgage: Sale: "One year from the date of judgment:"*
*Inadequacy of consideration: Laches.*

1. Under sec. 3162, R. S., providing that "no sale shall be made until the expiration of one year from the date of" a foreclosure judgment, if the judgment has been signed and filed with the clerk and the costs have been taxed and inserted therein it need not be recorded before the year will begin to run.
2. Mere inadequacy of consideration is not a sufficient ground for setting aside a foreclosure sale.
3. Where defendant, with full knowledge of all the facts, waited for more than two years and until the property had materially increased in value before moving to set aside a foreclosure sale, he was guilty of such laches as to deprive him of the right to make the motion on the ground of inadequacy of consideration.

APPEAL from the Circuit Court for *Portage* County.

Judgment of foreclosure and for a sale of the mortgaged premises in this action was rendered December 4, 1889. It was dated and signed by the judge of the court and filed with the clerk on that day, the costs having been previously taxed and inserted therein, but it was not recorded or extended upon the record until March 17, 1890. The premises, which consisted of forty acres of land, were advertised to be sold under the judgment, February 7, 1891, and on that day were sold to the plaintiff for the amount of the judgment, interest, costs of sale, etc., amounting to $785; and a sheriff's deed was executed to him and thereafter recorded, but the sale had not been confirmed.

The defendant *Blodgett*, the mortgagor, on the 4th of March, 1893, more than two years after the sale, moved to set it aside on the ground that the judgment had not been entered at least one year before the premises were advertised for sale. This motion was founded on the affidavits

of the defendant *Blodgett* and Charles P. Mason and one Malick, the latter affidavit being to the effect only that he (Malick) was then ready and willing to pay the sum of $2,000 for the land, and to bid that sum for it in case of a resale; that he considered it worth more; and that its value was increasing. The affidavits upon which the defendant moved made no claim that the consideration for the sale was inadequate. The affidavits on behalf of the plaintiff were by himself, to the effect that in 1889 and 1890 the property was of the value of $650 and no more, but that its value had increased of late, owing to the building of a large paper mill in the neighborhood and the improvement of the water power on the Wisconsin river near which it is situated, and that the value of the land at the present time did not exceed $1,500; that he had offered it for sale in 1892 at that price, but could not obtain it. H. W. Lee deposed to the effect that on behalf of the plaintiff he obtained possession of the land soon after the sale and had had possession for him ever since, that the annual income did not exceed $75, and that the amount bid for the land was more than the land was worth at the time of the sale; and he also deposed to conversations with said Mason in respect to the entry of the judgment, and with the defendant *Blodgett* and his son Charles in relation to the judgment and sale; that the sale was made openly and without haste, and every opportunity given to persons to purchase. A. W. Sanborn deposed that the premises, at the time of the sale, were not worth more than $450, and Patrick Meehan that, during the years 1889 and 1890, said premises were of the value of $650 and no more, and their present value does not exceed $1,500.

After the case had been heard upon the records and files and the aforesaid affidavits, and taken under advisement, leave was given to counsel on behalf of the defendant *Blodgett* to file certain affidavits or affidavit in reply to some or all of the statements contained in the affidavit of H. W.

Lee, read at the argument, and subsequently defendant's
counsel filed with the court a somewhat lengthy affidavit
of *E. L. Blodgett*, sworn to on the 25th of April, 1893, and
one of Andrew Lutz, Jr., of the same date, and an affidavit
of August Krohn on the next day, and also one of W. W.
Mitchell.    These affidavits were objected to.    That of
*Blodgett* was to the effect, among other things, that he had
rented the land and house thereon, before the sale, for $150
a year; that he had no knowledge that the sale was to take
place until on or about the day it was made, but he was in-
formed and advised by different parties that the sale was
prematurely made and was illegal and void; that the plaint-
iff, before then, had promised to give him an opportunity
to redeem from the judgment; that he has an offer from
one Nelson of $2,000 for the land, and also from one Lutz
of the same sum, as soon as he can settle with the plaintiff
and get a release of his claim; that a few days after the
sale he, with Lutz, went to the plaintiff and offered him the
amount due on the judgment, with interest and costs, and
demanded a quitclaim deed, but the plaintiff refused to give
it.    Lutz deposed that he considered the land well worth
$1,500 at the time of the sale, and was now worth $2,000,
which he would be willing to pay for it; and he corrobo-
rated the statement of the defendant as to his offer to pay
the plaintiff the amount of the judgment, interest, and costs.
Krohn deposed that the lands were worth the sum of $150
per annum prior to the year 1891, and since then a greater
sum, and that the value of the property was from $1,600 to
$2,000.    There was no claim in any of the affidavits that
the plaintiff had done anything to deceive or mislead the
defendant in respect to the sale, or to put him off his guard.

In respect to the affidavits filed after hearing, the circuit
court, in deciding the motion, made the following remarks,
which he ordered should be incorporated in a formal order,
namely: " While I allow the affidavits executed on April

Meehan vs. Blodgett.

25 and 26, 1893, as a whole, to go on the files, I want it understood that I did not consider or regard any portion of them, except such as may be said from the reading of them to relate to matters mentioned in Mr. Lee's affidavit. I want that fact specially mentioned in the order, and the reason for it, because the files of course show these affidavits in the whole; and I want the order to recite the facts substantially as I have stated them in explanation of that matter, so that in case the order here announced is to be reviewed the supreme court will know just what was before me, and what portions of the records were not considered, and the reason for it." The order contained substantially this statement, and was to the effect that said sale be set aside and canceled. Plaintiff appealed therefrom.

*H. W. Lee,* for the appellant, argued, among other things, that the time when the judgment is actually spread upon the judgment book is immaterial. When signed and filed, it is the judgment of the court of that time and of that term. Freeman, Judgm. secs. 37–40; Black, Judgm. secs. 106, 110; *Craig v. Alcorn,* 46 Iowa, 560; *Los Angeles Co. Bank v. Raynor,* 61 Cal. 145; *Witter v. Dudley,* 42 Ala. 616. Defendant was guilty of gross laches, and relief should be denied on this ground alone. *Babcock v. Perry,* 8 Wis. 277; *S. C.* 4 id. 31; *Foster v. Hall,* 44 id. 568; *Raymond v. Pauli,* 21 id. 531; *Kane v. Parker,* 4 id. 123; *Pier v. Storm,* 37 id. 247.

For the respondent there was a brief by *Raymond, Lamoreux & Park,* and oral argument by *J. O. Raymond.* To the point that the sale was prematurely made, they cited *Ottillie v. Waechter,* 33 Wis. 252; *Andrews v. Welch,* 47 id. 132, 135; *Milwaukee Co. v. Pabst,* 64 id. 244, 247; *Fehring v. Swineford,* 33 id. 550.

PINNEY, J. 1. The statute in relation to sales on judgments of foreclosure provides that "no sale shall be made

until the expiration of one year *from the date* of such judgment or order of sale." [R. S. sec. 3162.] In this case the judgment had been drawn up and signed and the costs had been taxed and entered therein; and, although it was dated and filed December 4, 1889, the contention is that, as it had not then been actually copied or extended upon the record, it was not a completed judgment, and that the date of the entry of the judgment is the time when it is so recorded or extended on the record. The recording of the judgment after its rendition is the mere ministerial act of the clerk. All that involved the exercise of judicial power had taken place when the judgment had been signed by the judge and filed with the clerk. The costs having been taxed, the sum necessary to redeem the premises and prevent a sale had been finally adjusted and declared. The object of the statute was to secure to the party entitled to redeem an entire year to do so after the amount necessary to be paid for that purpose had been ascertained and definitely declared by the judgment of the court. We are clearly of the opinion that the date of this judgment was December 4, 1889, when it was signed and filed. Whether it should be operative and carried into effect was in no proper or legal sense dependent upon any subsequent act or omission of the clerk. His failure or refusal to record it could not prevent its operation.

An inadvertent and casual expression in the case of *Andrews v. Welch,* 47 Wis. 132, is relied on as sustaining the defendant's contention. This precise question was not involved in that case. In that case the costs had not been taxed and inserted in the judgment one year before the sale, and it was held that, "in view of the object of the statute, . . . the year does not commence to run against a party entitled to redeem the mortgaged premises until the judgment is perfected by the insertion therein of the amount of the costs of the plaintiff," for the reason

that until then the party entitled to redeem has no means of knowing what amount he must pay to the plaintiff or clerk for that purpose; and it was said that "there is no hardship or inconvenience in requiring the plaintiff in a foreclosure action to perfect his judgment by the taxation and insertion of the costs in the judgment, in order to bar the mortgagor or his assigns from redeeming the same under sec. 3165, R. S." It is manifest, from a careful reading of the opinion of the court in that case, that, had the costs been taxed and inserted in the judgment, the order of the circuit court would not have been reversed.

It has never been held by this court that an appeal would not lie from a judgment signed and filed and in which the costs as taxed had been inserted. Cases in which it has been ruled that until the judgment is actually rendered and entered and the costs are taxed and inserted therein, an appeal therefrom cannot be taken, and that the time within which an appeal may be taken does not begin to run until then, have no bearing upon the question under consideration. When the costs have been taxed and inserted in the judgment, and it has been filed with the clerk, it is complete for all the purposes of this statute. It is a completed judgment, within the meaning of the law, although not recorded.

2. While we think that upon a fair construction of the record the sale was set aside solely upon the ground that the judgment was not complete until actually recorded, and that it took its date from that time, and not because of inadequacy of consideration, yet, as counsel maintain different positions in this respect, and the record is not entirely clear, we have thought it right to consider the question of adequacy of consideration, although it is evident that the motion was made upon the ground already considered, and that the question of adequacy of consideration was not distinctly presented in the motion papers. There is not the

least evidence of fraud or any unfair practice on the part of the plaintiff or his attorney, or of the officer who conducted the sale, or that the defendant was in any way misled or surprised by anything that they or either of them said or did. It is the settled practice of courts of equity in this country to refuse a resale for mere inadequacy of price, and the court is not at liberty to depart from this rule where no other cause exists. *Strong v. Catton,* 1 Wis. 471, 496. No other ground, save mere inadequacy of consideration, is suggested. It is not denied that the defendant knew that the sale was about to take place, and the plaintiff deposes that he had often solicited the defendant to redeem. The evidence on the question of value took a wide range, and was very general, tending to show that the land may have had a speculative value in the estimation of some and not in the estimation of others. The defendant had full knowledge of the facts upon which he now claims the sale was premature and should have been set aside, for more than two years before he made his motion. He has slumbered on his rights for a longer period than the law allows for the taking of an appeal from a final judgment. The plaintiff has had possession of the premises in the mean time, and no excuse whatever is shown for the extraordinary delay in making this motion. It appears that the value of the property has recently materially increased by reason of important improvements near it, and it is not unlikely that after the sale was made the defendant was quite willing to shape his action by the course of future events in that respect. We think that he was guilty of such laches as to deprive him of the right to make this motion on the ground of inadequacy of consideration.

No sufficient ground was shown for setting aside the sale, and the order appealed from must therefore be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*— It is ordered accordingly.