ATKINSON, Respondent, vs. CHICAGO & NORTHWESTERN RAIL-
WAY COMPANY, Appellant.

*May 2 — May 22, 1896.*

*Railroads: Fires negligently set: Notice of claim, how and when served:
Damages: Evidence of value of land.*

1. Notice to any agent of a corporation having a general authority to
   act for it in respect to the subject matter to which the notice
   relates, is notice to the corporation.

2. In ch. 202, Laws of 1893 (requiring notice to be given to the railway
   company of a claim for damages by reason of a fire set from a
   locomotive), the provision that "such notice *may* be given in the
   manner required for service of summons" is permissive, not man-
   datory, and a delivery of the notice to the general claim agent of
   the company is sufficient.

3. Under the provision of said act requiring the notice to be given
   "within one year after the happening of the event" causing the
   damage, the notice of a claim for damages by reason of a fire is in
   time if received at the general claim office of the railway com-
   pany, by its general claim agent, within a year after the fire
   ceased burning on the claimant's land.

4. Evidence as to what the owner of land had been offered for it, per
   acre, before it was injured by a fire set from a locomotive, was
   not competent on the question of damages.

APPEAL from a judgment of the circuit court for Brown
county: S. D. HASTINGS, JR., Circuit Judge. *Reversed.*

This was an action to recover damages caused by the al-
leged negligence of the defendant in permitting sparks of
fire, live coals, and cinders to escape from its engines on the
10th and 16th days of September, 1893, whereby fire was
communicated to the dry and combustible grass, leaves, etc.,
on its right of way, so that it spread and extended to the
plaintiff's land, adjacent thereto, and upon and over which
it continued to burn for several weeks, consuming the soil
thereof, and the grass, hay, fences, etc., thereon, to his great
damage, etc.; and it was alleged that, on the 28th day of

Atkinson vs. Chicago & Northwestern R. Co.

August, 1894, the plaintiff served notice in writing upon the defendant, setting forth his damages, the time and place where the damage occurred, and that he claimed satisfaction of the defendant therefor. Admitting its corporate existence, the defendant denied all other allegations of the complaint.

At the trial evidence was given tending to support the allegations of the complaint in respect to the negligent communication of fire to the plaintiff's premises in the manner and at the times stated in the complaint; that the fire was communicated to the soil of the plaintiff's lands, which appear to have been low meadow lands and, to some extent, of a peatlike character; that the soil over several acres was burned down to quite a depth and destroyed; that the fire spread over quite an extent of country, and continued burning on the plaintiff's lands until, as the evidence tended to show, ten days, a month, or six weeks thereafter. The jury viewed the premises. The plaintiff was allowed, against objection, to testify, as bearing upon the question of damage to his lands, that he had had an offer of $150 per acre for a part of it.

Upon the subject of the notice given to the defendant, and required by the statute (Laws of 1893, ch. 202) to enable the plaintiff to maintain his action, the evidence tended to show that the section foreman gave the plaintiff blank forms to fill out, and that two affidavits were made out and signed by the plaintiff August 27, 1894, stating the time and place of the occurrence of the fire, and that it was caused by sparks from the engines on defendant's road, and communicated to lots 54 and 55, Ft. Howard military reservation, and the amount of damages; that the direction of the wind and how the fire started were stated, and the number of acres burned; that there were two such affidavits or notices, one for each lot, and both signed by the plaintiff; and that he delivered them at once to Maloney, the section fore-

man, who said he would send them to W. B. Linsley (who,. it was admitted, was superintendent of the Northern Peninsular Division of the defendant's road, along which the lands. were located) that evening; but there was no competent evidence directly tracing them any further. Subsequently Mr. Piersol, the claim agent of the defendant, visited the plaintiff, and examined the premises, and he had with him these papers, and, as the plaintiff testified, showed them to him and told him he got them in the general office of Mr. Richards, the general claim agent, and that this conversation occurred October 1, 1894. It appeared that Piersol was there but once, and he testified that this was October 27, 1894; but two witnesses gave evidence tending to show that this occurred about October 1st. Piersol testified that he was a special claim investigator, acting for the defendant. under Mr. Richards, the head of the claim department. There was no evidence to show on what particular date these papers reached the general claim department, or whether they reached there within one year after the happening of the events causing such damage, other than already stated.

The court left it, in substance, to the jury to find "whether the statements reached the hands of the general claim agent of the defendant before the expiration of one year from the time said fire ceased burning," and charged the jury that, "if Mr. Piersol had those papers, got them from the claim agent's office, and came here with them on the 1st of October, and that was within a year from the time this fire ceased burning, then there would be that testimony before you which you would consider and determine whether it satisfies. you that these papers reached the office in that time."

The jury found a special verdict, in substance, that the defendant negligently set the fires which damaged the plaintiff's premises; that the amount of such damage was $1,025.50; that the statements made out and signed by the plaintiff, and handed by him to the section foreman about August 28,

1894, contained statements of the times when and the places where his said lands were damaged by said fires, and that he claimed satisfaction therefor from the defendant; that the said fires continued burning on said premises *after* September 21, 1893; that said Piersol visited the premises in question with the plaintiff October 1, 1894; and that said statements reached the hands of the general claim agent " before the expiration of one year from the time said fires ceased burning." Judgment was given for the plaintiff in accordance with the verdict, from which the defendant appealed.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *W. K. Gibson.*

For the respondent there was a brief by *Sheridan & Evans,* and oral argument by *Philip Sheridan.*

Pinney, J.    1. It is provided by ch. 202, Laws of 1893, that " no action against any railroad or railway corporation for damages to property occasioned by fire set from a locomotive, or for stock killed-or injured by such corporation, shall be maintained, unless, within one year after the happening of the event causing such damage, notice in writing signed by the party owning such property or stock, his agent or attorney, shall be given to such corporation against which damage is claimed, stating the time and place where such damage occurred, and that satisfaction therefor is claimed of such corporation. Such notice may be given in the manner required for the service of summons in courts of record." The statute for service of summons in courts of record on railroad corporations provides that it may be by delivering a copy thereof, in the case of a railroad whose general office is within this state, to the president, secretary, superintendent, general manager, or general solicitor thereof, if either shall reside and be within the county in which such action is brought; and, in case neither of the officers named reside

and are in such county, then to any station, freight, or ticket agent thereof who shall reside and be within such county; if against a railroad corporation whose general office is, or all whose aforesaid officers shall reside or be, without the state, to any station, freight, ticket, or other agent thereof within the state. R. S. sec. 2637.

The substance of the provision is that the prescribed notice " shall be given to such corporation." It may, no doubt, be properly delivered to a general officer of such corporation or any agent thereof having a general authority to act for the corporation in respect to the subject matter to which it relates. Compliance with the common-law rule as to the party to whom notice may be given is clearly sufficient. For all the purposes of the business to which the general agency applies, the agent having a general authority to act for the corporation in respect to such part, branch, or department of its business is, *pro hac vice*, the corporation itself. Accordingly, notice to such an agent, in relation to transactions within the scope of his agency, is notice to the principal, although the principal be a corporation. 1 Beach, Priv. Corp. § 185. The rule applies equally to a corporation as to a natural person. Angell & A. Corp. § 305.

The statute is mandatory that the prescribed notice shall be given to the corporation, but the provision that it may be given in the manner required for the service of summons in courts of record is permissive, in order to enable the party the more readily to give the notice to any railroad or railway corporation whose general officers or general agents may reside at a considerable distance or without the state. In cases arising under sec. 1339, R. S., concerning actions for injuries received on highways, the requirement is, not that the notice shall be given to the county, town, city, or village, but it is required that it shall be given " to the clerk of the county, a supervisor of the town, one of the trustees of the village, or mayor or city clerk of the city, against

Atkinson vs. Chicago & Northwestern R. Co.

which damages are claimed." Legal notice, by force of the statute, cannot be given in such cases to any other officer or person; but here it is only required that such notice *may* be given to the corporation in the manner required for the service of summons in courts of record. The statute is that the notice *may*, not that it shall, be so given.

The instructions of the circuit court on the subject of giving notice were substantially correct, although the evidence on the question as to when the fire ceased burning on the plaintiff's lands, so as to fix the time within which notice was required to be given, as well as the time when Piersol was on the premises, is not entirely clear or satisfactory. Still, these were matters for the determination of the jury. There is no finding to show when the fires ceased burning on the plaintiff's lands, so as to show when the event causing such damage could be said to have happened, in order to determine the sufficiency of the notice in point of time. If, however, the notices were received at the general claim office, by the general claim agent, within a year after the fires ceased burning on the plaintiff's lands, as the jury have found, substantially, that would be sufficient.

2. The evidence as to what the plaintiff had been previously offered for his lands so injured, or for any part of them, per acre, was not competent on the question of damages. Evidence of actual *bona fide* sales of like lands similarly situated might be properly received, especially on cross-examination, but not mere *offers*, even for the identical lands. *Watson v. M. & M. R. Co.* 57 Wis. 332, 350, 351; *Minn. B. L. R. & T. Co. v. Gluek*, 45 Minn. 463. The evidence thus received was presumptively prejudicial. The question of damages was much controverted, and we cannot say, from the entire case, that it is reasonably clear that the verdict was not affected by this evidence. For this reason there must be a new trial.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.