PLANKINTON PACKING COMPANY, Respondent, vs. CIN-
CRETE CORPORATION and others, Defendants: CITY
BANK & TRUST COMPANY and another, Appellants.

*April 7—June 17, 1937.*

For the appellant Lawrence W. Scudder there were briefs by *Mayer, Vandercook & Wilde* and *Marshall A. Rice,* attorneys, and *Walter F. Mayer* of counsel, all of Milwaukee, and oral argument by *Mr. Walter F. Mayer* and *Mr. Rice.*

For the appellant City Bank & Trust Company there was a brief by *Poss, Toelle & Schuler* of Milwaukee, and oral argument by *H. W. Schuler.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles* of counsel, all of Milwaukee, and oral argument by *J. V. Quarles.*

For the purchaser, Lilian M. Kohlmetz, there was a brief by *Affeldt & Lichtsinn* of Milwaukee, and oral argument by *H. F. Lichtsinn.*

The following opinion was filed April 27, 1937:

FAIRCHILD, J. The parties directly interested in this foreclosure sale are the mortgagor, mortgagee, subsequent creditors, and good-faith bidders. The procedure followed gave fair and reasonable protection to all in an opportunity to buy the property and protect his individual interests. The general rule applied for many years to such sales required a sale for cash. For the evident purpose of meeting existing conditions due to the depression and for making bidding by responsible parties more likely, the legislature enacted legislation modifying the rule. Sec. 278.16, Stats., reads, in part:

"The sheriff may accept from the purchaser at such sale as a deposit or down payment upon the same not less than one hundred dollars, in which case such amount shall be so deposited with the clerk of the court as above provided, and the balance of the sale price shall be paid to the clerk by the purchaser at such sale upon the confirmation thereof."

The law, as now written, therefore confers upon the sheriff the discretion to accept a deposit on account of the purchase price instead of requiring him to insist upon full payment. The statute provides that he may accept under certain condi-

tions not less than $100. This section nevertheless carries by implication a requirement that reasonable terms be fixed under which the rights of the mortgagee as well as those of the good-faith bidder will be fairly protected. The $100 limitation is a minimum exaction. It is apparent that the sheriff did not intend to enter into an agreement with anyone to exact only a $100 down payment on a purchase price of upwards of $50,000. However, from the findings set forth in the statement of facts, it appears that a misunderstanding did arise on the part of Mr. Scudder, his agents, and attorneys as to the amount of down payment, but it will also be seen that the disadvantage resulting to Mr. Scudder out of this circumstance was overcome, and he was completely rescued therefrom by the opportunity afforded him by the court. In conducting the hearing upon the objections to the confirmation of the sale, the court gave him the opportunity to have the sale reopened upon his agreement to make a binding and unconditional bid of $51,000 in the event of a resale of the premises. He did not care to make his original bid binding as a bid at a future sale. His reply was that he did not want to bind himself to that extent, saying: "If the sale was confirmed to me today or Thursday, or in the next two weeks, at $51,000, . . ." he was willing to take care of accrued interest on the judgment from the time of sale. Inasmuch as a sale could not possibly occur until after publication of notice, his proposition was an impossible one on which to order a resale, and he must be considered as having abandoned whatever rights may have attached to him by reason of the circumstance arising out of the statement by a deputy sheriff some time previous to the sale that $100 would be required as a down payment.

This leaves only the question of whether a resale should be directed for any other substantial reason. We do not think occasion therefor exists. Complaint is made by appel-

lants that there was an inadequate amount realized and that therefore the sale should not have been confirmed. Is the sale under all the circumstances one of which the court in justice to all parties should approve? The disposal by the court below of the contention that the price is inadequate is sustained by the evidence. The location of the property, the uses to which it could be submitted, and the general market conditions were carefully examined into and the conclusion reached that the amount paid for the premises—

"in view of the limited uses to which said premises are adaptable and the small number of persons engaged in the businesses to which said premises are peculiarly adaptable and the other facts and circumstances existing in this case [was], not inadequate and not disproportionate to the actual value of said premises."

This, together with the well-supported conclusion that no assurance or guaranty was forthcoming that a sum larger than or equal to the amount bid at said sale by Miss Kohlmetz could or would be obtained upon resale, precludes holding that there was any abuse of discretion on the part of the trial judge.

*By the Court.*—Orders affirmed.

A motion for a rehearing was denied, with $25 costs, on June 17, 1937.