Fox Wisconsin Theatres, Inc., Appellant, vs. City of Waukesha, Respondent.

*October 12—November 16, 1948.*

For the appellant the cause was submitted on the brief of *Lines, Spooner & Quarles* of Milwaukee.

*Richard S. Hippenmeyer,* city attorney, for the respondent.

HUGHES, J. The appellant contends that two errors were committed by the trial court which entitle it to a new trial:

1. That the court improperly restricted the expert witness of the appellant by not permitting him to testify as to elements which produced the value in the property which his appraisal disclosed.

2. That the court rejected evidence that a purchaser was ready, willing, and able to purchase at a price fixed by appellant.

The trial court ruled that appellant's witness would be permitted to testify "as to what he bases his estimate as to the value of this property on, without going into detail or without being permitted to testify why the various elements that I assume are going to be offered enhance the value. . . . What elements, physical elements, without permitting the witness to testify why any particular element benefits or enhances the value of this property or affects this property. . . . I think that the witness will be permitted to testify as to what he bases his opinion upon without going into detail as to that and without being permitted to make what would be in effect an argument to support his opinion."

The appellant then made an offer of proof by Mr. Polacheck, one of its real-estate experts, (1) that retail merchandisers under present-day trends seek properties with seventy-five to one-hundred-feet frontage and one-hundred to one-hundred twenty-five-feet depth, as compared with smaller

areas years ago, (2) that the witness had investigated parking facilities in the near locality which made this lot desirable to prospective purchasers, (3) that a Gamble store in close proximity tends to increase the value of this site for retail purposes.

We are of the opinion that the trial court in its effort to prevent argument by the witness in support of his testimony of value unduly and erroneously limited the witness in his testimony. This is especially true in view of the fact that no argumentative testimony had theretofore been offered by appellant's witness. However, we find no indication in the record that the plaintiff was prejudiced by this ruling of the trial court. Substantially the same testimony which the court rejected at the time of the formal offer of proof was later admitted. Immediately after the ruling the witness testified:

"The access which the property . . . has to the parking lot has an effect upon how I classify it." And "In my opinion the location of the Gamble store in close proximity has a good effect upon the fair market value of this property."

Mr. Frisch, another expert witness called by the appellant, was asked:

"Now, Mr. Frisch, you have told us that in your opinion the north side of Main street from the Five Points to your property is the best or one hundred per cent section of the retail-business district of Waukesha; and why is that so, in your opinion?"

This was objected to as irrelevant, incompetent, immaterial, and argumentative. The court ruled:

"He may answer if he does not make it argumentative."

The witness then testified:

"*A*. It is my belief that the type of stores there, the type of facilities that are there, are the closest to approximating the needs of retail business as it can best be transacted.

"*Q*. What effect, if any, does the existence of the parking lot have on that opinion? Is that part of the facilities you

mentioned? *A.* That is one of the outstanding characteristics of this particular piece of property.

"*Q.* Are you familiar with the rear portion of these buildings that back onto the parking lot? *A.* In part I am.

"*Q.* Do some of these stores that are located in this area have back-door entrances that exit to the parking lot? *A.* They do.

"*Q.* So they have means of ingress and egress to and from the parking lot? *A.* That is correct."

In its instructions to the jury, the court said:

"You are entitled to take into consideration the advantages, if any, that the property has because of its location with respect to the principal business corner in the city; the advantages, if any, which it has because of its direct access to the municipal free-parking lot; the advantages, if any, which it has because of its location with respect to retail merchandise stores; whether or not there are other building sites comparable to this property which are available for uses to which this property may be devoted; and you should consider all of the facts and circumstances, whether they point to the advantages or the disadvantages of the property, that have been brought out in the evidence in this case."

Sec. 274.37, Stats. 1947, provides:

"No judgment shall be reversed or set aside or new trial granted in any action or proceeding, civil or criminal, on the ground of misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial."

"To entitle an appellant to prevail on his appeal it is necessary for him to show, not only that the error complained of was committed, but that it operated to his prejudice." *Kalb v. Luce* (1941), 239 Wis. 256, 260, 1 N. W. (2d) 176.

It appears that the testimony upon which the appellant relied was before the jury with proper instructions as to its materiality, and the appellant has suffered no prejudice.

The appellant also complains that the trial court rejected testimony that there was no other property of this size available in the mid-town area, as bearing on the question of supply and demand. There was no error in this ruling of the trial court.

Appellant offered to prove by its witnesses Polacheck and Philip Levit that Polacheck, acting on behalf of the Fox Wisconsin Theatres, Inc., had negotiated a sale of this property to Sears, Roebuck & Company. Levit would have testified that as a real-estate agent he was delegated by Sears to investigate properties, and that at his recommendation the company was willing to buy at a certain figure. Upon objection the trial court rejected this evidence as improper.

The general rule in condemnation cases is conceded by appellant to be that offers to purchase property are not receivable as evidence of its market value, but it cites *Estate of Nieman* (1939), 230 Wis. 23, 39-41, 283 N. W. 452, as a departure from this rule. The court there said:

"The market value of the stock at the time of the testator's death is what it would have sold for at that time upon negotiations resulting in sale as between a purchaser able and desiring to buy and an owner willing to sell. Whatever has any probative force toward determining that price is receivable in evidence to determine it. It is true that this court has held in condemnation proceedings that offers to purchase property are not receivable as evidence of its market value, because they are apt not to be *bona fide,* but made or procured for evidentiary purposes merely rather than in an attempt to negotiate an actual sale, and the United States supreme court has so held. *Atkinson v. Chicago &. N. W. R. Co.* 93 Wis. 362, 67 N. W. 703; *Watson v. Milwaukee & Madison R. Co.* 57 Wis. 332, 350, 351, 15 N. W. 468; *Sharp v. United States,* 191 U. S. 341, 24 Sup. Ct. 114, 48 L. Ed. 211. However, offers of purchase made have been received as evidence of value when made with actual intent and pursuant to actual effort to purchase. *German-American State Bank v. Spokane-Columbia R. R. & Nav. Co.* 49 Wash. 359, 95 Pac. 261;

*Jefferson Park Dist. v. Sowinski,* 336 Ill. 390, 168 N. E. 370; *City of Kalamazoo v. Balkema,* 252 Mich. 308, 233 N. W. 325; *Perkins v. People,* 27 Mich. 386; *Chaney v. Coleman,* 77 Tex. 100, 13 S. W. 850; *O. C. Crittenden & Co. v. North British & Mercantile Ins. Co.* (5th Cir.) 31 Fed. (2d) 700; *Wiget v. Becker* (8th Cir.), 84 Fed. (2d) 706. The three cases last cited are conditioned on proof being made of ability to pay, and no such proof was here made. It would seem that if this condition were met an offer of purchase should be received if *bona fide* intent and attempt to purchase also appeared. . Whether the offer, strictly speaking, was evidence of value or not, it is to be noted that it was offered by appellants. Having offered it themselves it would seem that it hardly lies for them to say that it should not be considered by the court as evidence of whatever material fact the court deemed that it tended to prove. The general rule seems to be that where a party has introduced an item of evidence 'he cannot subsequently object that it should not have been received, or that it should not be given such consideration as its natural probative value entitled it to.' 23 C. J. p. 51. It is true it does not expressly appear that Annenberg was financially able to fulfil his offer, which was a cash offer, nor does it expressly appear that he would carry out the policies of Mr. Nieman and fulfil the obligations of a newspaper as Mr. Nieman conceived them. But neither does it appear that he could not or would not do both. Appellants say that the offer should not be considered because Mr. Annenberg was not present for cross-examination as to his abilities and intentions in this respect. The respondents are not chargeable with not having him present, as they did not put his offer in evidence in the first instance. Upon the whole we are of opinion that the trial court might properly consider the offer as having probative force upon the question of value, to such extent as it appears that he considered it."

It appears from the language of the court that the established rule in condemnation cases was not thereby intended to be changed.

Appellant also cites cases from other jurisdictions. In *Manufacturers Paper Co. v. Commissioner* (2d Cir. 1937), 89 Fed. (2d) 684, 686, it was said:

"The *bona fides* of the offer, the financial responsibility of the offeror, and his qualifications to know the value of the property were proved without dispute by his own testimony and that of a banker ready to supply the money."

Mr. Levit, while acting as an agent of Sears, Roebuck, was not an officer with firsthand knowledge of the intention of the purchaser to buy or with any knowledge which could be given as evidence. The testimony of both witnesses as to the conclusions of the responsible officials of Sears, Roebuck with respect to purchasing this property, must of necessity have been hearsay and was properly rejected by the trial court on that basis alone.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., took no part.