ESTATE OF STANISZEWSKI: SCARCIA, Appellant, v. STADELMAN, Executor, Respondent.

*September 13—October 5, 1965.*

404

For the appellant there was a brief and oral argument by *Robert D. Haase* of Marinette.

For the respondent there was a brief by *E. H. Herbert* of Coleman, and *Adolph P. Lehner* and *Lehner, Lehner & Behling* of Oconto Falls, and oral argument by *Howard N. Lehner*.

GORDON, J.

### *Denial of an Adjournment.*

One of the grounds advanced by the appellant in this court to support her demand for a new trial is the fact that the trial court refused to grant her request for a continuance. That request had been based upon the fact that the appellant's counsel had not been retained until that very morning. Counsel sought additional time to familiarize himself with the case and to prepare for the hearing. This is the type of request with which a judge is ordinarily sympathetic.

However, in the instant case, as Judge WHITE carefully pointed out, such counsel was at least the sixth in a "long list of attorneys who have at one time or another represented the claimant." The court observed that there had already been many previous continuances. Judge WHITE also noted that the estate had incurred substantial expense in connection with having its expert witness present and ready to testify.

In our opinion, under these circumstances it was an entirely proper exercise of the trial court's discretion to deny a last-moment request for an adjournment. *Schwarz v. Strache* (1957), 275 Wis. 42, 80 N. W. (2d) 797.

*Receipt of Exhibits in Evidence.*

The request for a new trial upon this appeal is also bottomed on the appellant's contention that various documents were received into evidence without adequate identification or foundation. Particularly, the appellant objects to the admission of Exhibit 13, which is an instrument apparently signed by Joseph and Frances Staniszewski. Exhibit 13 was turned over by Mrs. Scarcia's then attorneys, Lontkowski and Lontkowski, for the use of Mr. Bieniek, whose deposition contained his expert opinion that the paper used was in fact not manufactured until five years after its purported date of execution.

The following portion of the record persuades us that there was no error in connection with the court's determination to admit Exhibit 13 into evidence:

*"Mr. Herbert:* Yes. I ask that this be admitted in evidence, Exhibit #13, which is Exhibit #1 under the deposition, for the purpose of having that before the handwriting expert for comparison of signatures and to add to the testimony regarding the paper, which shows the testimony of Edwin A. Bieniek, the chemist of this American Writing Paper Company who manufactured the paper upon which that message is written.

*"The Court:* Now, do I understand that you are offering as Exhibit #13 the entire deposition, including the commission to the commissioner, the written interrogatories and the responses and the various exhibits, plus the exhibit on top of the entire file which is labeled Exhibit #1?

*"Mr. Herbert:* Yes, which is part of the deposition.

*"The Court:* You are offering the entire deposition, including all exhibits, under the new label of Exhibit #13?

*"Mr. Herbert:* That's right.

*"The Court:* Mr. Haase is just looking at it now and I will not rule on your motion until he has had a chance to see it.

*"Mr. Haase:* I have no objection.

"*Mr. Herbert:* I offer it in evidence.
"*The Court:* Received."

Certain other exhibits were received into evidence over objection, and it is contended that these writings were not sufficiently identified or authenticated to warrant their admission. These documents were utilized for the limited purpose of supplying the handwriting expert with examples of writings which purported to contain the signature of Frances Staniszewski.

Insofar as the various documents supplied Mr. Godown with materials to assist him in formulating his conclusions as to the authenticity of the signatures appearing on the $10,000 note, the failure of the respondent to have provided better authentication would affect the weight to be given to the expert's opinion. Since the documents were utilized for comparison purposes by the handwriting expert, it was not prejudicial error to have received them into evidence, and we are satisfied that the trial court did not abuse its discretion in permitting them to be so received.

In a sense, the admission into evidence of these documents was comparable to the admission of hearsay evidence which is not offered to establish the truth of the matter asserted. See *Auseth v. Farmers Mut. Automobile Ins. Co.* (1959), 8 Wis. (2d) 627, 630, 99 N. W. (2d) 700. The trial court in the instant case was persuaded that the documents were of sufficient competence to provide the examiner of questioned documents with some examples of the decedent's purported signature. The documents were not received as direct proof of the validity or lack of validity of Mrs. Scarcia's claim.

### The Testimony of Phyllis Krip.

Phyllis Krip, a niece of the claimant, testified that she observed Mrs. Staniszewski re-sign the note by tracing over

her original signature. This occurred in 1957 at Pound, Wisconsin. The trial court made an express conclusion that "the witness Phyllis Krip testified falsely as to material facts in issue."

The appellant contends that under *Estate of Hatten* (1940), 233 Wis. 199, 288 N. W. 278, the positive testimony of Phyllis Krip cannot be assailed by the mere theory of an expert witness.

The trial court observed the demeanor of Phyllis Krip on the witness stand and was mindful of her relationship to the claimant. Under all the circumstances of this case, we are satisfied that it was within the proper province of the trier of fact to determine the weight to be given to the testimony of Phyllis Krip. Even though her testimony was not impeached in a direct manner, such fact would not require that the trial court accept it. In *Lazarus v. American Motors Corp.* (1963), 21 Wis. (2d) 76, 84, 123 N. W. (2d) 548, this court said: "A court is not obliged to adopt even uncontradicted testimony if such testimony is inherently improbable."

Without reference to the doubt cast on the validity of Phyllis Krip's testimony by the handwriting expert, the court was entitled upon this record to disbelieve her testimony. In view of such fact, the court was not foreclosed from giving credence to the opinion advanced by the expert witness.

*Conclusion.*

Our review of the record persuades us that a full and fair hearing was afforded to Mrs. Scarcia; Judge WHITE's conclusion that the note offered by Mrs. Scarcia was "a forged and spurious document in its entirety" is fully supported by the record.

*By the Court.*—Judgment and order affirmed.