BIHLMIRE, Assignee, Plaintiff and Respondent, v. HAHN and wife, Defendants and Appellants: RAUP, Trustee, and others, Defendants: TRANSASIA TRADING CORPORATION, Impleaded Defendant and Appellant.*

*June 7—July 1, 1966.*

* Motion for rehearing denied, with costs, on September 30, 1966.

538

For the appellants there were briefs by *Orr, Isaksen, Werner, Lathrop & Heaney* of Madison, and oral argument by *Trayton L. Lathrop*.

For the respondent there was a brief by *Charne & Tehan* of Milwaukee, and oral argument by *Irvin B. Charne*.

GORDON, J.

### *Denial of a Fair Hearing.*

Mr. Hahn claims that Mr. Bihlmire corrupted these proceedings by a series of improper communications to the trial judge. The record shows that Mr. Bihlmire sent eight letters and one telegram to Judge ZASTROW. In these communications he characterized Mr. Hahn as a professional litigant and accused him of submitting a fraudulent bid. He also accused Mr. Hahn of neglecting his children and of having swindled naive elderly ladies of over $100,000. He asserted that Mr. Hahn had a twenty-year reputation of nonpayment and a history of corrupting attorneys and judges.

These communications also accused the trial judge of being prejudiced, incompetent and cowardly and asserted that the trial judge had made deals with Mr. Hahn. Mr. Bihlmire also threatened to have Judge ZASTROW removed from the bench for his conduct in this case.

The trial judge comported himself in a scrupulously proper manner. As these messages were received the trial judge informed Mr. Bihlmire that such communications should not be made. He notified the opposing side. An account of each event was spread upon the record by the trial court. In addition, the trial court instructed Mr. Bihlmire to communicate with the court only through his own counsel, but Mr. Bihlmire did not respect that instruction.

At the oral argument on this appeal, Mr. Bihlmire's counsel acknowledged that Mr. Bihlmire's conduct toward the court could not be justified but urged that there was no actual denial of a fair trial, pointing out that the

communications were all made a part of the record and that no affidavit of prejudice was ever filed by Mr. Hahn.

We accept the trial judge's declaration that Mr. Bihlmire's communications had absolutely no effect upon his judgment, and we conclude that there was no denial of a fair trial. However, we are shocked at Mr. Bihlmire's demeanor and consider that no judge or opposing party should be subjected to such improper attacks. While we do not believe that the trial court was in fact corrupted by Mr. Bihlmire's campaign, it does not follow that a judge should be obliged to function in such an atmosphere.

When a litigant persists in the course which Mr. Bihlmire followed, especially after being informed of its irregularity, there would appear to be an intentional affront to the court which can and should be terminated or at least punished by the use of the power of contempt. "The big stick" exists to enable a court to enforce the fair and orderly administration of justice and to maintain such dignity and discipline as is essential to that end. It is our opinion that Judge ZASTROW should examine the course of conduct pursued by Mr. Bihlmire and determine whether a citation for contempt should issue. The initiation of such proceedings is within the discretion of the trial court. *O'Brien v. State* (1952), 261 Wis. 570, 577, 53 N. W. (2d) 534; see also *State ex rel. Reynolds v. County Court* (1960), 11 Wis. (2d) 560, 575, 105 N. W. (2d) 876; *Appeal of Cichon* (1938), 227 Wis. 62, 278 N. W. 1; *Rubin v. State* (1927), 192 Wis. 1, 11, 211 N. W. 926.

### The Amendment of the Judgment.

Mr. Hahn contends that it was error for the trial court to remove the requirement contained in the original judgment that the down payment at the foreclosure be at least $4,000. We do not agree with this contention.

It is entirely proper for a trial court to concern itself via continuing jurisdiction over a mortgage foreclosure action. *Rio-Fall River Union Bank v. Hollnagel* (1940), 234 Wis. 181, 290 N. W. 636; *Plankinton Packing Co. v. Cincrete Corp.* (1937), 225 Wis. 239, 272 N. W. 836. Ch. 278, Stats., and more particularly secs. 278.16, 278.162 and 278.165, contemplate the omnipresence of the court during the mortgage foreclosure sale and the confirmation thereof.

In view of the fact that a previous down payment of $4,000 had been forfeited, the court was well within its discretion in eliminating the $4,000 figure from the judgment in regard to future sales. The order in effect put the sheriff back in the position covered by sec. 278.16, Stats., which provides that "the sheriff may accept from the purchaser at such sale as a deposit or down payment upon the same not less than $100." *Plankinton Packing Co. v. Cincrete Corp., supra* at pages 242, 243. In our opinion, it was proper for the court to modify the judgment in this regard and for the sheriff to require a $10,000 down payment at the second foreclosure sale in order to prevent a repetition of the prior inchoate sale.

### Confirmation of the Sale Price.

Mr. Hahn contends that the price paid at the second foreclosure sale, $29,000, was unconscionably low and that the trial court erred in confirming such sale. It is also claimed that the trial court erred in excluding certain evidence offered by Mr. Hahn concerning the value of the property.

Mr. Hahn attempted to testify regarding various offers to purchase which he had received for the property from W. F. Best & Son, the city of Lake Geneva, and Hotton Realty Company, as well as various other offers to purchase. The offers ranged from $50,000 to $123,000. This testimony was excluded, and this was not error on the part of the trial court. In order to qualify as probative

evidence, there must be a preliminary foundation of "the *bona fides* of the offer, the financial responsibility of the offeror, and his qualifications to know the value of the property." *Fox Wisconsin Theatres, Inc., v. Waukesha* (1948), 253 Wis. 452, 458, 34 N. W. (2d) 783; *Atkinson v. Chicago & Northwestern R. Co.* (1896), 93 Wis. 362, 367, 67 N. W. 703; *Watson v. Milwaukee & Madison R. Co.* (1883), 57 Wis. 332, 15 N. W. 468; Anno. 7 A. L. R. (2d) 781, 785.

Mr. Hahn also sought to have the court consider an appraisal of the property which had been made for. a savings and loan association. An officer of the latter company was permitted to submit into evidence a tentative loan commitment by the association in the sum of $40,000, but the court rejected the proffered evidence that the said loan was based on a property appraisal of $84,000. The appraisers who had made the determination of the $84,000 figure for the savings and loan association were not in court and thus could not be cross-examined. We believe that it was appropriate for the trial court to have rejected the appraisal when offered by one who had not participated in such appraisal.

The property in question was transferred by Mr. Hahn to Transasia Trading Corporation and at the time of the transfer was valued by the parties to the transfer at $123,000. Mr. Hahn testified that he believed the property was worth $125,000. On the other hand, there was testimony offered by the assessor for Lake Geneva, who expressed the opinion that the market value of the property was approximately $36,000. The trial court concluded that "the bid price is not so grossly inadequate as to shock the conscience of this court, or to raise a presumption of fraud, inadvertence or mistake." Our review of the evidence convinces us that the trial court's conclusion must be affirmed. In *John Paul Lumber Co. v. Neumeister* (1900), 106 Wis. 243, 246, 82 N. W. 144, this court said:

"The granting or refusing of an application to set aside such sale and order a resale, as a matter of favor, rests in the sound discretion of the trial court; and its determination will not be disturbed, except for a clear abuse of such discretion."

In *Gumz v. Chickering* (1963), 19 Wis. (2d) 625, 634, 121 N. W. (2d) 279, we delineated the situations which would justify a trial court in setting aside a sale, as follows:

". . . a trial court may refuse to confirm a sale if he is satisfied (1) that the price received for the property was inadequate, and (2) that there was a showing of mistake, misapprehension, or inadvertence on the part of interested parties or prospective bidders.

"Moreover, under Wisconsin law a trial court has discretion to refuse to confirm such a sale even though there is no mistake, misapprehension, or inadvertence, where the sale price is not only inadequate, but is so grossly inadequate as to shock the conscience of the court."

Mere inadequacy of price is not ordinarily sufficient of itself to set aside a sale. *Anthony Grignano Co. v. Gooch* (1951), 259 Wis. 138, 140, 47 N. W. (2d) 895; *Welfare Building & Loan Asso. v. Gearhard* (1940), 235 Wis. 229, 235, 293 N. W. 813; *A. J. Straus Paying Agency v. Jensen* (1938), 226 Wis. 462, 466, 277 N. W. 105.

The appellants also complain that the court erred in not granting an adjournment so that further evidence as to value could be presented. The hearing on confirmation was originally scheduled for July 20, 1965, but was adjourned to August 5, 1965. It was a correct exercise of the trial court's discretion to deny any other request for adjournment. *Estate of Staniszewski* (1965), 28 Wis. (2d) 403, 406, 137 N. W. (2d) 57; *Schwarz v. Strache* (1957), 275 Wis. 42, 80 N. W. (2d) 797.

The trial court was familiar with this property and its troubled history. The foreclosure judgment had been

entered in 1954, and thus many years transpired before the actual confirmation of the foreclosure sale. A previous foreclosure sale had produced a price of $35,000, but such sale was never consummated. Mr. Hahn's hope that another sale would provoke a higher bid was one in which the trial court understandably had little confidence. In *Northwestern Loan & Trust Co. v. Bidinger* (1937), 226 Wis. 239, 246, 276 N. W. 645, this court stated:

"Whether a resale of the premises would result in a higher bid is exceedingly problematical.

"If upon a resale no higher bids are made, that fact should be considered by the court when again called upon to confirm a sale. *Kremer v. Rule, supra.* The mortgagee in the end is entitled to have the mortgaged property sold to satisfy his debt. *Guaranty Trust Co. v. Chicago, M. & St. P. R. Co.* (D. C.), 15 Fed. (2d) 434."

*By the Court.*—Order affirmed.