## HALES CORNERS SAVINGS & LOAN ASSOCIATION, Respondent, v. KOHLMETZ, Appellant.

*October 30—November 28, 1967.*

628

630

For the appellant there were briefs and oral argument by *Rudolph L. Forrer* of Milwaukee.

For the respondent there was a brief by *Godsell & Weber,* attorneys, and *Michael J. Bruch* of counsel, all of Hales Corners, and oral argument by *George T. Weber.*

WILKIE, J.  Before considering the merits of this appeal it is first necessary to consider respondent's motion to dismiss the appeal on the ground that the purchaser at the second confirmation sale was not served by the appellant with a notice of appeal. We deny the motion.

The pertinent rule governing the manner of taking appeals provides, in part, as follows:

**"Appeal, how taken and perfected; notice; costs. (1)** An appeal is taken by serving a notice of appeal signed by the appellant or his attorney on *each party adverse to him upon the appeal who appeared in the action or proceeding,* and by filing a notice of appeal with the clerk of the court in which the judgment or order appealed from is entered. The notice shall state whether the appeal is from the whole of the judgment or order or from a part thereof, and if from a part only, shall specify the part appealed from. . . ." (Emphasis added.) [1]

Sciano, as the finally successful bidder and purchaser, is an adverse party to the appellant,[2] but the rule requires that he appear in the action or proceeding. The record does not disclose an appearance by Sciano or his attorney at the final hearing to confirm the sale; neither was Sciano or his attorney served with any notice of that hearing.

In the absence of such an appearance we do not think the rule requires that he or his attorney be served with a notice of appeal in order for the appellant here to contest the order confirming the sale.

On the merits on this appeal four issues are presented:

1. Did the sheriff err when he denied appellant's requested postponement of the second sale?

2. Did the sheriff err in requiring a down payment of $2,500?

3. Did the court err in excluding certain evidence relating to the value of the mortgaged property?

[1] Sec. (Rule) 274.11, Stats., effective September 1, 1963.
[2] *Rogers v. Shove* (1898), 98 Wis. 271, 73 N. W. 989.

4. Was the $6,000 amount paid by Andrew Sciano so inadequate as to shock the conscience of the court?

*Postponement.*

Appellant contends that she was entitled, upon request, to a postponement of the second sale as a matter of right. The statute governing the postponement of a sheriff's sale of foreclosed property provides in pertinent part that: "The sale may be postponed from time to time . . . ."[3]

This statute clearly vests the sheriff with discretion in ordering the postponement. Appellant was not entitled to a postponement as a matter of right. Since she attempts no showing of an abuse of discretion she must therefore fail. We have no basis for reviewing the exercise of discretion by the sheriff.

*Down Payment.*

Appellant disputes the sheriff's requirement that there be a down payment of at least $2,500. Again the statutes are controlling and sec. 278.16 provides in part that:

"The sheriff may accept from the purchaser at such sale as a deposit or down payment upon the same not less than $100 . . . ."

Appellant claims that this statute does not require a down payment on a bid at a sheriff's sale of any amount other than the sum of $100. But the statute allows the sheriff to require a *minimum* down payment of $100. Requiring a down payment of $2,500 was discretionary.

In the first sale, appellant made a down payment of $1,050. This payment was later forfeited because the balance of the purchase price was not paid. We conclude

---

[3] Sec. 297.07, Stats.

that it was not an abuse of discretion to increase the required down payment to $2,500. This is not unlike the situation in *Bihlmire v. Hahn* [4] where, for similar reasons, the requisite down payment was properly increased from $4,000 to $10,000.

### Excluded Evidence.

During the confirmation hearing after the second sale the appellant called John Gothner, the Racine county treasurer, to testify. He stated that the assessed valuation of the foreclosed property was $10,475 ($2,375 land; $8,100 improvements). Gothner was not permitted to testify as to the proportion that assessed valuation bore to actual value. Objection was properly sustained that his testimony in this respect was to be from a book of the supervisor of assessments in the Milwaukee district, which testimony would not be susceptible to cross-examination. No formal offer of proof was made but appellant did state that it was common knowledge that assessed value is not 100 percent, but is around 70 percent. The trial court committed no error in excluding this testimony. Even if there were error, the appellant was not harmed. Using appellant's own figures, the actual value of the property, based on its assessed value, would be $14,950. Inasmuch as this amount was substantially lower than appellant's other estimates, its exclusion could not have prejudiced her.

After the court excluded Gothner's testimony the appellant asked for an adjournment so that she could produce the tax assessor to testify regarding the relationship between assessed and actual value. The court refused to grant this request and appellant assigns this refusal as error. No subpoena had been served on the assessor and no offer of proof was made. An offer of

---

[4] (1966), 31 Wis. 2d 537, 143 N. W. 2d 433.

proof must be made as a necessary condition precedent to our review of any alleged error in the exclusion of evidence.[5] Without such offer of proof there is no way for this court to know whether the exclusion of evidence was prejudicial. The granting of an adjournment is discretionary [6] with the trial court and that discretion was not abused in the instant case.

### $6,000 Sale Price.

Appellant's last contention is that the $6,000 bid by Andrew Sciano is so inadequate as to shock the conscience of the court, and for this reason the trial court should have refused to confirm the sale.

The foreclosed property consisted of a lake lot on Lake Waubeesee in Racine county with three cottages, two two-story and one single-story. All were basementless and without indoor toilets (although they did have running water). They were in better than fair condition.

In *Gumz v. Chickering* [7] this court set forth the circumstances which would justify a trial court in refusing to confirm a sale as follows:

". . . a trial court may refuse to confirm a sale if he is satisfied (1) that the price received for the property was inadequate, and (2) that there was a showing of mistake, misapprehension, or inadvertence on the part of interested parties or prospective bidders.

"Moreover, under Wisconsin law a trial court also has discretion to refuse to confirm such a sale even though there is no mistake, misapprehension, or inadvertence, where the sale price is not only inadequate, but is so grossly inadequate as to shock the conscience of the court."

---

[5] *Findorff v. Findorff* (1958), 3 Wis. 2d 215, 226, 88 N. W. 2d 327.

[6] *Bihlmire, supra,* footnote 4, at page 546.

[7] (1963), 19 Wis. 2d 625, 634, 635, 121 N. W. 2d 279.

In the instant case the appellant's expert, Frank De Vileo, a real estate broker from Milwaukee, testified to a fair market value of $24,000; yet, based on capitalization of income, he estimated a value of $12,000 to $13,000. He said he would pay $15,000 for the property.

Elmer Godsell, respondent's vice-president, estimated a range in value from $12,000 to $15,000. In contrast, the high bid at each sale (by appellant) was $10,000 and the terms of sale could not be met. Sciano's successful bid at the second sale was $6,000, with an additional sum for delinquent taxes of over $3,000. In view of all of this evidence we find no abuse of discretion by the trial court in concluding:

"Under the circumstances and in view of the fact that this is the second of two sales of the premises the court considers that the inadequacy of the price bid in relationship to the value of the premises is not sufficient to shake the conscience of this court in this matter and that the sale must be confirmed."

*By the Court.*—Order affirmed.