CITIZENS BANK OF SHEBOYGAN, Respondent, v. ROSE and wife, Appellants: BAUER FEED & GRAIN, INC., and another, Defendants.

*No. 206. Submitted under sec. (Rule) 251.54 May 3, 1973.—*
*Decided June 18, 1973.*
(Also reported in 208 N. W. 2d 110.)

For the appellants the cause was submitted on the brief of *Rabinovitz & Sonnenburg,* attorneys, and *William K. Sonnenburg* of counsel, all of Sheboygan.

For the respondent the cause was submitted on the brief of *Donald E. Koehn,* attorney, and *Robert C. Rutgers* of counsel, both of Sheboygan Falls.

HALLOWS, C. J.   It is first argued by the Roses that the findings of value are inconsistent and therefore require reversal.  This may be so excepting that if the judgment is correct on the evidence, it should be affirmed.  We do not think the same theory of evaluation must apply to all three parcels.  *Priewe v. Fitzsimons & Connell Co.* (1930), 117 Wis. 497, 511, 94 N. W. 317.  We take the appellants' argument to be that there is insufficient evidence to sustain the evaluations confirmed.

In the case of the Clark farm, two witnesses for the bank appraised the farm at $28,500, whereas it sold for $51,000.  The Roses argue that their appraisal of the other two farms at $50,000 and $52,000 cannot be worthy of belief.  The $50,000 appraisal of the Blanke farm is the only opinion evidence of value before the court.  There was testimony of the purchase price in 1959.  This price included equipment and cattle and no breakdown of value was available.  The $52,000 appraisal of the Schlichting farm was based on the present use of the farm and did not include its possible future value for recreational purposes.  From the record we can find no inadequacy of price sufficient to cause the trial court not to confirm the sale.

It has long been established that mere inadequacy of price is not a sufficient reason for failing to confirm a sale.  *Meehan v. Blodgett* (1893), 86 Wis. 511, 57 N. W. 291; *John Paul Lumber Co. v. Neumeister* (1900), 106 Wis. 243, 82 N. W. 144; *A. J. Straus Paying Agency v. Jensen* (1938), 226 Wis. 462, 277 N. W. 105; *Anthony Grignano Co. v. Gooch* (1951), 259 Wis. 138, 47 N. W. 2d 895.  There are two situations where refusal to confirm is warranted.  The first is where there is an inadequate price which has resulted from circumstances such as a mistake, misapprehension, or inadvertence.  *Griswold v. Barden* (1911), 146 Wis. 35, 130 N. W. 952.  *See also: Kremer v. Thwaits* (1900), 105 Wis. 534, 81 N. W. 654;

*Gratiot State Bank v. Martin* (1943), 242 Wis. 254, 7 N. W. 2d 863. The second is where the price is so inadequate as to shock the conscience of the court. *Anthony Grignano Co. v. Gooch, supra; Northwestern Loan & Trust Co. v. Bidinger* (1937), 226 Wis. 239, 276 N. W. 645. These rules have more recently been summarized and approved by this court in numerous cases. *Gumz v. Chickering* (1963), 19 Wis. 2d 625, 121 N. W. 2d 279; *Barnard v. Coates* (1965), 28 Wis. 2d 1, 135 N. W. 2d 809; *Bihlmire v. Hahn* (1966), 31 Wis. 2d 537, 143 N. W. 2d 433, certiorari denied, 387 U. S. 905, 87 Sup. Ct. 1685, 18 L. Ed. 2d 622; *Hales Corners Savings & Loan Asso. v. Kohlmetz* (1967), 36 Wis. 2d 627, 154 N. W. 2d 329; *Home Bank v. Becker* (1970), 48 Wis. 2d 1, 179 N. W. 2d 855. None of these circumstances is present in this case.

The Roses also contend the lower court erred in not making a specific finding of fair value and not establishing an "upset price." The upset price is a creature of the depression; it was used when a grossly inadequate price resulted from the lack of competitive bidding. If the court found the price bid to be unconscionably inadequate, it could order a resale and fix a minimum or "upset" price at which the premises were to be bid in order for the sale to be confirmed. In the alternative if the court did not fix an upset price when it was proper to do so, it could establish the fair value of the property and require that amount to be credited toward the foreclosure judgment as a condition of confirmation. *Suring State Bank v. Giese* (1933), 210 Wis. 489, 246 N. W. 556, 85 A. L. R. 1477. The upset price or the fair-value finding is utilized in the discretion of the court only after the court finds the price bid to be so inadequate as to shock its conscience. *See: Kremer v. Rule* (1934), 216 Wis. 331, 257 N. W. 166; *Brinckley v. Sager* (1939), 232 Wis. 88, 286 N. W. 570; *Welfare Building & Loan*

*Asso. v. Gearhard* (1940), 235 Wis. 229, 293 N. W. 813. Shocking the conscience of the court is another way of saying that the price is inadequate as a matter of law. Today the upset price sometimes takes the form of an offer made at the confirmation hearing to bid a considerably higher price. *Barnard v. Coates, supra; Gumz v. Chickering, supra.* The "fair value" procedure is utilized where the mortgaged premises sell for less than the amount due on the foreclosure judgment. Sec. 278.165 (2), Stats. We find no reason in the record for the trial court's finding a fair value or setting an upset price.

The judgment of foreclosure and sale ordered the Clark farm to be sold first and the Blanke farm next, and in the event the proceeds from these sales were insufficient to satisfy the judgment, 160 acres of the 200-acre Schlichting farm were to be sold; and if the proceeds were still inadequate, the remaining acres of the Schlichting farm, which constitutes the Roses' homestead would be sold. After the sale of the Clark and Blanke farms, approximately $10,000 remained unsatisfied on the judgment. At this point it is claimed in an affidavit filed at the confirmation hearing that the Roses requested the sheriff and the bank's attorneys to sell the 40-acre homestead rather than the remaining 160 acres of the Schlichting farm; instead, the sheriff sold 120 acres of the farm, excluding the homestead. The Roses now contend the sale of the 120 acres violated both the judgment and sec. 278.06, Stats.[1]

---

[1] "278.06 **Sale in parcels.** If in the cases mentioned in section 278.05 the defendant shall not, before judgment, bring into court the amount so due with costs the court before rendering judgment shall ascertain by reference or otherwise the situation of the mortgaged premises and whether they can be sold in parcels without injury to the interests of the parties; and if it shall appear that they can be so sold the judgment shall direct a sale in parcels,

The only departure from the judgment appears to lie in the sheriff's sale of only 120 acres rather than 160 acres, and certainly this was to the Roses' advantage. We find no violation in the judgment or its execution under sec. 278.06, Stats. If the Roses wanted to change the order in the priority of sale, they should have applied to the court to amend the judgment prior to sale. The court's action in making the homestead the last to be sold is consistent with the policy of the law to protect homesteads. *See* sec. 278.11; *Schwitzke v. American Nat. Bank* (1943), 242 Wis. 521, 8 N. W. 2d 303.

Incidentally, the Roses argue their son offered to satisfy the balance due on the judgment prior to the sale of the Schlichting farm and this amounted to a redemption. The record does not bear out any facts other than the contention of the Roses, and besides the method of exercising one's redemption rights is by payment of the amount to the clerk of the court in which the judgment is rendered. Sec. 278.13, Stats.

*By the Court.*—Order affirmed.

specifying them, or so much thereof as will be sufficient to pay the amount due for principal, interests and costs; and such judgment shall remain as security for any subsequent default."