The Northwestern Mutual Life Insurance Co. vs. Neeves and others.

---

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY vs. NEEVES and others.

46 147
109 214
o109 217

46 147;
187 US 440

RECORD: *(1) Of court below, conclusive here.*

FORECLOSURE OF MORTGAGE. *(2) Ch. 143 of 1877; its scope and validity.*
*(3) Notice of sale not to be published within one year from judgment.*

1. Where, on appeal in foreclosure, the order of publication in the record of the court below states that the complaint was then on file, this must be taken here as true.
2. Ch. 143 of 1877 was intended to apply to proceedings in the foreclosure of *all* mortgages, including those given before the repeal of the act of 1859, except where judgment had already been rendered under the latter act; and it is valid as to such mortgages, and cannot be held to impair the

obligation of the contract; especially since it allows the same rate of interest on the judgment and the same period for redemption, and does not otherwise materially change the remedy.

3. It is not regular, under the act of 1877, to take any step towards the sale (as publishing the notice thereof), until the expiration of one year from the date of the judgment.

APPEAL from the Circuit Court for *Wood* County.

Foreclosure of a mortgage executed September 21, 1874. The action was commenced in October, 1876, the complaint being in the usual form. On the 21st of March, 1877, none of the defendants having appealed, the complaint was so amended as to demand the relief provided for by ch. 143 of 1877; and on the same day judgment for such relief was rendered; from which defendants appealed.

For the appellants, there was a brief by *Powers & Briggs,* and oral argument by *Mr. Powers.*

*D. G. Hooker,* for respondent.

ORTON, J. The objection taken, that the judgment in this action was rendered before the complaint was filed, is not sustained by the record; for it is stated in the order of publication, that the complaint was then on file, and this must be taken as true.

The mortgage in this case was given while chapter 195, Laws of 1859, was in force, by which a right of redemption within one year after a sale of the mortgaged premises under a judgment of foreclosure was given; and the judgment thereon is rendered under, and conforms to, the provisions of chapter 143, Laws of 1877, which do not provide for any such redemption, but postpone the sale of the mortgaged premises one year from the date of the judgment, and repeal said chapter 195, Laws of 1859.

Whether it would have been proper in this case to have made the judgment conform to the provisions of the law of 1859, we are not called upon to decide; but section 8 of the law

The Northwestern Mutual Life Insurance Co. vs. Neeves and others.

of 1877 appears to allow the law of 1859 to remain in force *only* as to judgments rendered before its repeal; and the act of 1877 was clearly intended, with this exception, to be applicable to proceedings in foreclosure of all mortgages, whether given during the existence of the law of 1859 or since.

The only question made was as to the constitutionality of the law of 1877, thus construed to embrace proceedings for the foreclosure of mortgages so given under the law of 1859 and before its repeal.

The view we take of the provisions of these two acts renders it unnecessary to go into the discussion of the general subject of laws impairing the obligation of contracts, or a review of authorities upon that subject.

The law of 1877 does not materially or substantially change the remedy provided by the law of 1859. The same time is given for redemption, and the interest upon the judgment is not changed; and we cannot perceive in what respect the rights of the mortgagor are impaired, or the obligation of his contract changed. We think that a proper construction of the law of 1877 would not justify any steps to be taken for a sale of the mortgaged premises, before the expiration of one year from the date of the judgment, and that the term " sale " was intended to embrace everything appertaining to the sale, including the publication of the notice of sale. There may have been cases of foreclosure under this law, and sales made under a different construction, and, in this respect, sales made prematurely; but the only remedy in such cases would have been by an appeal from the orders of confirmation in proper time, on account of such irregularity. The law of 1877 makes far less change in the remedy than many other laws of this state which have been held by this court not to affect or impair the obligation of contracts, such as in the case of *Von Baumbach v. Bade*, 9 Wis., 560, and in numerous other cases.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.