KOPMEIER vs. O'NEIL, imp.

FORECLOSURE SALE: NOTICE. *(1) Publication of notice. (2) Presumption as to time of first publication. (3) Date of the notice itself. (4) Effect of revised statutes upon notice based on a previous judgment. (5) " Posting " of notice required in cities.*

1. Under secs. 3162–9, R. S., a foreclosure sale of land is not regular unless, prior thereto, the notice of sale has been published for six full weeks *after* the expiration of one year from the date of the judgment.

2. In the absence of proof to the contrary, it will be *presumed* that publication of a notice of sale, made in a daily newspaper, was first made on the day of the *date* of such notice; and certain statements in the sheriff's certificate and printer's affidavit in this case are *held* not to rebut this presumption.

3. Where the published notice of sale is *dated* before the expiration of the year, there is at least an *apparent* irregularity in the proceedings, tending to defendant's injury; but whether, upon clear proof of *publication* of the notice at and for the time prescribed by statute, such apparent irregularity would be fatal to the sale, is not here determined.

4. Where the revision of 1878 took effect between the rendition of a foreclosure judgment and the time for giving the notice of sale, the provisions of such revision governed as to such notice (R. S., sec. 4980); and, where the judgment merely directed that it should be given "according to law and the practice of the court," a notice not given in conformity to secs. 3168 and 2993, R. S., was irregular.

5. The provision of sec. 2993, R. S., that a notice shall be posted in "three public places in the *town*," etc., *held* applicable to *cities*. Subd. 17, sec. 4971, R. S.

APPEAL from the Circuit Court for *Milwaukee* County. The case is thus stated by Mr. Justice TAYLOR:

"Action to foreclose a mortgage. The defendant *O'Neil*
Vol. XLVII. — 38

brings a separate appeal from the order confirming the sale made under the judgment. The record shows that final judgment in the action was rendered on the 9th of November, 1877, and that the sale under the judgment took place on the 21st of December, 1878. The sheriff's notice of sale as published bears date November 6, 1878.

"The sheriff, in his report of sale, says 'that previous to said day of sale I caused notice thereof to be publicly advertised for six weeks successively, as follows, to wit: by causing a copy of such notice to be printed once in each week, during six weeks immediately preceding said sale, in the *Milwaukee Daily Sentinel*,' etc.

"The foreman of the *Milwaukee Daily Sentinel*, in his affidavit of the publication of the notice, says 'that a notice of sale, of which a printed copy is hereto annexed, has been published in said newspaper once in each week for six weeks successively next before the day of sale mentioned therein.' The copy of the notice attached to the affidavit of said foreman bears date November 6, 1878.

"The order of confirmation of sale was duly excepted to by the appellant *O'Neil*, and he alleged that the sale was irregular and void: *first*, for the reason that it appears on the face of the proceedings that one year from the date of the judgment had not expired before the sheriff proceeded to advertise the mortgaged premises for sale; and. *second*, because the sale was in fact made before the expiration of six weeks after the expiration of one year from the date of said judgment."

For the appellant, there was a brief by *John A. Wall*, his attorney, with *Samuel Howard*, of counsel, and oral argument by *Mr. Howard*.

For the respondent, there was a brief by *Joshua Stark* and *D. G. Rogers*, and oral argument by *Mr. Stark*.

TAYLOR, J. In the case of *Life Ins. Co. v. Neeves*, 46 Wis., 147, this court decided that under chapter 143, Laws of

1877 (now sections 3162 to 3169, inclusive, R. S. 1878), no step can be taken for the sale of mortgaged premises after judgment until the expiration of one year from the date of the judgment, and that the term "sale," as used in said statute, was intended to embrace everything appertaining to the sale, including the publication of the notice of sale; but that any irregularity in this respect would be waived, unless an appeal was taken from the order confirming such sale.

Without discussing the question whether one year from the date of the judgment expired on the eighth day of November, 1878, so that a publication of the notice of sale would be good if made on the ninth of November, 1878, we do not think the proof, either by the sheriff's return or the affidavit of the foreman of the *Sentinel*, shows that it was published on the ninth day of November, 1878. In order to make the sale regular, it must have been published on that particular day or the publication would be insufficient. If made on any day earlier than the ninth of November, 1878, it would be too early, under the decision of this court above cited; and if made on any day later than that day, the notice would be short, or less than six weeks before the day of sale, and therefore void under the decision of this court in the case of *Eaton v. Lyman*, 33 Wis., 34. There is no clear proof that the first publication was made on the ninth day of November, 1878; and, the notice bearing date on the sixth, and, having been published in a daily paper, in the absence of proof to the contrary, it will be presumed that it was published on the sixth, especially as such presumption is not in conflict with either the sheriff's certificate or the affidavit of the printer.

The statements that the notice was published for six weeks, once in each week, next before the sale, or once in each week during six weeks immediately preceding said sale, might both be true and yet the first publication have been made on the sixth of November, dependent upon the meaning of the word "week." If the word "week," as used in said statements, has

its usual and ordinary meaning — a period of time commencing with the first day of the week, Sunday, and ending with the last day, Saturday,— then the publication of the notice on the sixth of November, which was Wednesday, and on each succeeding Wednesday preceding the sale, would make six publications, the last one being Wednesday, the eleventh of December, and the week in which that Wednesday is found would end on the fourteenth — just one week before the sale. If the notice had been published, as is claimed, on the ninth, which was Saturday, and every succeeding Saturday, still the last publication would be just one week before the sale, viz., the fourteenth of December, and not within or during the week in which the sale was in fact made; and in neither case would the publication have been during the six weeks next before the sale, counting the weeks back from the day of the sale, except upon the construction of the word week as having its ordinary meaning, and that the first publication took place in the week which ended on Saturday, the ninth of November, 1878; and, in such case, the statements would be equally true whether the first publication was on the sixth or ninth of the month, both dates being within the same week.

But, whatever construction might be given to these statements, we are of opinion that the notice itself, on its face, shows that the sheriff was taking proceedings to sell the mortgaged property before he had any authority to do so, under the statute and the construction given thereto by this court. He made out his notice of sale before the year from the date of the judgment had expired, and persons understanding the law applicable to such sales would be likely to be misled by such notice, and deterred from bidding at the same. Upon the face of the proceedings they were irregular, and such irregularity tended to the prejudice of the defendants; and whether or not such apparent irregularity would be fatal to the proceeding in a case where the evidence clearly showed that, notwithstanding such apparent irregularity, the notice of sale was in fact

published at and for the time required by law, we hold that in this case, where there is no such proof, the apparent irregularity is fatal to the proceeding.

There is another irregularity in the notice of sale in this case, which is equally fatal to it, and which undoubtedly arose out of the change of the law by the then recent enactment of the R. S. of 1878, sec. 3168. By the provisions of that section, notice of a mortgage sale must be given in the same manner provided by law for the sale of real estate upon execution, or in such other manner as the court shall in the judgment direct. The judgment in this case does not direct how the notice of sale shall be given, except that " it shall be given according to law and the practice of this court." It is true, this judgment was rendered before the revised statutes of 1878 took effect, but the time for giving notice of the sale did not arrive until after they took effect. Section 4978, R. S. 1878, repealed chapter 299, Laws of 1863, which prescribed the manner of giving notice of sale upon judgments of foreclosure; and section 4980, R. S. 1878, provides that subsequent proceedings in actions pending at the time the revised statutes of 1878 took effect, shall conform to the provisions of the revised statutes of 1878 when applicable.

The provisions of these statutes were clearly applicable to the sale in this case, and the notice of sale should have been given as required by said section 3168. The notice of sale required to be given by that section is prescribed in section 2993, and requires that, in addition to the publication of the notice in a newspaper, such notice shall be fastened up in three public places in the town where such real estate shall be sold; and if the sale be in a town different from that in which the premises to be sold are situated, then such notices shall be fastened up in three public places in the town in which the premises are situated, six weeks previous to the sale. There can be no doubt but this provision is applicable to cities, although the word *town* only is used in the section. See subdivision 17 of section 4971, R. S. 1878.

The sheriff's report of sale clearly negatives the presumption that any notices of the sale were posted as prescribed by law, and the sale was therefore irregular for that reason. The fact that this irregularity was not suggested by the counsel for the appellant is, perhaps, evidence that the change made in the law has not attracted the notice of the profession generally, and fully justifies this court in calling attention to the fact in order to prevent any misapprehension in regard to it in the future.

*By the Court.* — The order of the circuit court confirming the sale is reversed.