TRILLING, Respondent, vs. SCHUMITSCH, imp., Appellant.

*October 16 — November 3, 1886.*

*(1) Foreclosure of mortgage: Vacating judgment: Excusable neglect: Time within which application must be made. (2) Irregularities in sale: Appeal. (3) Waiver: Surrender of possession.*

1. An application for relief from a foreclosure judgment and sale on the ground of excusable neglect should be made within a year after notice of the proceedings. R. S. sec. 2832. Aside from the statute a delay in this case of more than six years was unreasonable and inexcusable.

2. If there were irregularities in a foreclosure sale, the proper remedy is by appeal from the order of confirmation.

Trilling vs. Schumitsch, imp.

3. Irregularities in a foreclosure judgment and sale are waived by a defendant who, after full notice of them, surrenders possession of the premises, for a valuable consideration, to the purchaser at the sale.

APPEAL from the Circuit Court for *Winnebago* County. The case is stated in the opinion.

For the appellant the cause was submitted on the brief of *P. V. Lawson.*

*Silas Bullard,* for the respondent.

ORTON, J. The action was for the foreclosure of a mortgage given by the appellant on his land to secure the payment of a note made at the same time, October 19, 1874, payable three years after date, for $1,263.76, and ten per cent. interest. The summons was personally served, and there was no appearance. Judgment was rendered on report of referee, December 5, 1877. Notices of sale were duly given according to proof by the sheriff, and the mortgaged premises were sold January 25, 1879, to the plaintiff, and report of sale made and filed February 24, 1879, and said sale was confirmed March 1, 1879. Motion was made to set aside said sale and report of sale on the 21st day of September, 1885, on the ground that there were several irregularities in the judgment and sale. By the affidavit of the defendant it appears that he employed counsel to act for him in this suit after the service of summons, but no answer was made. It appears by affidavit of the attorney of the plaintiff that said attorney of the defendant appeared at the time of sale, and on behalf of the defendant, and forbade the sale, saying that the defendant intended to take an appeal; and that shortly afterwards the attorney of the plaintiff had a personal interview with the defendant, in respect to said judgment and sale, and requested him to deliver to the plaintiff the possession of the premises; and that on the 28th day of April, 1879, in company of the plaintiff and one George Stein, said attorney went to the premises, and read

over to the defendant the sheriff's report of sale and the confirmation thereof, and explained to him the nature and effect thereof, and said Stein explained the same to him in German, and that he fully understood the same; that in the fall of that year said attorney again called upon the defendant in relation to his surrendering the possession of the premises, and the attorney of the defendant, who was present at the sale, was present at this interview.    It was then finally agreed between the parties that if the plaintiff would pay him $150 out of moneys received by him [the plaintiff] for right of way of a railroad over said premises, he, the defendant, would surrender up the possession March 1, 1880, and said money was paid to him.    These facts were corroborated by the plaintiff and said attorney of the defendant. There were affidavits and counter-affidavits as to whether the premises were sold at an inadequate price.    The motion was denied, and the plaintiff has appealed from the order denying the same.

The objections to the judgment were mere irregularities not affecting its validity.    *Boynton v. Sisson*, 56 Wis. 401; *Reinig v. Hecht*, 58 Wis. 212.    The defendant had notice of the judgment, sale, and confirmation.    He should therefore have moved to set aside the same within one year.    Sec. 2832, R. S.; *Schobacher v. G. F. Mut. Ins. Co.* 59 Wis. 86; *Knox v. Clifford*, 41 Wis. 458.    The ground of the motion must be the excusable neglect of the defendant, if anything, and therefore the matter is governed by the above section. *Cleveland v. Burnham*, 55 Wis. 598.    If there were irregularities in the sale, the proper remedy was to appeal from the order of confirmation.    *N. W. Mut. L. Ins. Co. v. Neeves*, 46 Wis. 147; *Kopmeier v. O'Neil*, 47 Wis. 593.    The relief upon such a motion is within the discretion of the court.    Sec. 2832, R. S.; *Smith v. Smith*, 51 Wis. 665.    Aside from the statute, the delay of over six years was unreasonable and inexcusable.    The defendant waived all irregular-

ities in the judgment and sale by his agreement to surrender possession after full notice of them, and it seems from the affidavit of the plaintiff that the defendant did surrender to him the possession. There was no such inadequacy of the price paid for the premises as to even cast a suspicion upon its fairness. The circuit court did not abuse its discretion in denying the motion.

*By the Court.*— The order of the circuit court is affirmed.

| 67 | 189 |
| 67 | 652 |
| 69 | 429 |

| 67 | 189 |
| 76 | 478 |
| 67 | 189 |
| 77 | 503 |

| 67 | 189 |
| 85 | 267 |

| 67 | 189 |
| 91 | 80 |

| 67 | 189 |
| 97 | 376 |