GERTZ, Respondent, vs. GERTZ, Appellant.

*February 17—March 29, 1948.*

For the appellant there were briefs by *O'Melia & Kaye* of Rhinelander, and oral argument by *Walter F. Kaye.*

For the respondent there was a brief by *Smith, Okoneski, Puchner & Tinkham* of Wausau, and oral argument by *Charles F. Smith.*

BARLOW, J.   On the oral argument the question of whether the order appealed from was an appealable order was raised, and appellant was allowed until March 10th to file a brief on

this question. Appellant has now filed his brief and makes two contentions. First, that the defendant protested to the entry of the order in question for the reason that "such an order fails to provide for a final judgment determining the rights of the parties." There was no motion for the entry of such a judgment or an interlocutory judgment, only a protest on the ground that final judgment was not entered.

Sec. 276.25 (1), Stats., requires the sheriff to promptly make a report of the sale to the court with a description of the land sold to each purchaser and the name of such purchaser and the price bid by him, which report shall be filed in the court. Sub. (2) of said section then provides:

"If the sale is confirmed *judgment* shall direct the sheriff to execute conveyances pursuant thereto and also direct the application of the proceeds of such sale. Such judgment and conveyances are binding upon the persons named in section 276.17."

Sec. 276.17, Stats., sets forth the procedure for the confirmation of commissioners' reports on partition or sheriffs' reports on sale, and sub. (1) thereof provides:

"Notice of the application to confirm said report shall be given to all the parties that have appeared, and upon confirmation thereof judgment shall be entered that the partition so ordered and made be firm and effectual forever, and such judgment shall be final and conclusive."

It is difficult to see how, in the face of these provisions of the statutes, a final judgment could be entered prior to the time the report of sale was confirmed. It is argued the court has determined the rights of the parties and the substance and nature, rather than the name given the proceeding, is the criterion in determining the question of appealability, *Will of Pattison* (1926), 190 Wis. 289, 207 N. W. 292; *Will of Stanley* (1938), 228 Wis. 530, 280 N. W. 685. The order appealed from recites that the parties are the owners of an undivided

one-half interest in the property as tenants in common, but no reference is made to the other issues in the case. No judgment has been entered. The statutes provide when a judgment shall be entered, at which time all questions and differences between the parties are finally determined. Appellant seeks to have all the issues reviewed on this appeal. In order to reach them it is necessary to examine the findings of fact and conclusions of law. The law is too well established to need citations that an appeal does not lie from findings of fact and conclusions of law.

Appellant's second contention is that the order for sale is a final appealable order affecting a substantial right, citing *Vesper v. Farnsworth* (1876), 40 Wis. 357. At that time par. 4, sec. 11, ch. 139, Stats. 1871, provided:

"The following orders may be carried, by appeal, to the supreme court: . . .

"4. When it involves the merits of an action, or some part thereof; when it orders judgment on application therefor, on account of the frivolousness of a demurrer, answer, or reply, or strikes off such demurrer, answer, or reply, on account of the frivolousness thereof."

This section was repealed and rewritten in 1895 by ch. 212, Laws of 1895. By the repeal, sec. 4 was made to relate to orders made at chambers. It should also be noted that sec. 71, ch. 142, Stats. 1871, contained an express provision that any party to a partition proceeding might appeal from any judgment or order made during the course of such proceedings within the same time and under like regulations as in other cases.

It is not helpful to cite to the court cases where a statute is involved and the statute has been repealed. If the defendant had moved the court to enter an interlocutory judgment under the provisions of sec. 270.54, Stats., the court might, in its discretion, have granted the motion, in which event an appeal would lie from the interlocutory judgment. The defendant

will be entitled to an appeal from the final judgment when entered, and on that appeal under sec. 274.34 may have reviewed "any intermediate order which involves the merits and necessarily affects the judgment, appearing upon the record."

Appellant also relies on *Idema v. Comstock* (1907), 131 Wis. 16, 110 N. W. 786. There no question was raised as to the appealability of the order. If it had been the appeal would undoubtedly have been dismissed.

*By the Court.*—Appeal dismissed.