ALSMEYER, Plaintiff, v. NORDEN, Defendant and Appellant: COMMERCIAL STATE BANK OF MADISON, Defendant and Respondent.

*April 12, 1966.*

For the appellant the cause was submitted by *Edna Taylor Giles Norden* of Madison, *in pro. per.,* and for the respondent by *Noreen G. Bengston* of Madison.

PER CURIAM. Appellant filed a notice of appeal in this court on March 10, 1966, taken from:

1. A judgment of foreclosure dated August 30, 1962, issued *nunc pro tunc* to June 6, 1962, the date the findings of fact and conclusions of law were issued;

2. An order denying stay of notice of sale dated November 16, 1964;

3. An order directing sale dated December 7, 1964;

4. An order reviving the action dated December 17, 1964—the original plaintiff having died June 11, 1962;

5. An order denying a motion to quash the foreclosure sale dated December 24, 1964;

6. An order directing sale dated December 20, 1965.

Respondent has moved to dismiss the appeal as to the first five items on the ground that the time for appeal has run. Sec. 274.01 (1), Stats., requires appeal within six months of the date of entry of the judgment or order. Thus, the appeal is not timely on its face.

Without considering whether or not the first five items of the appeal are appealable, we hold that the appeal be dismissed as to them because not timely. We find no merit in appellant's contention of excusable delay because of lack of notice. By her own admission she had notice of the proceedings by October 2, 1964. Nor do we find merit in her contention that bankruptcy proceedings initiated on January 15, 1965, under sec. 314 of the Bankruptcy Act, 11 USCA, sec. 714, tolled the time for appeal.

An order of January 18, 1965, issued by the referee in bankruptcy restraining the sale was vacated on January 25th, so no proceedings have been stayed by any federal court.

The last order appealed is timely, if it is appealable. Sec. 274.09 (2), Stats., limits appeals to final orders and judgments of lower tribunals. The appeal here is from an order directing sale of real estate subject to a judgment of foreclosure. This is not a final order. See sec. 274.33 (2).

Sec. 278.165, Stats., provides for confirmation of the sale on a foreclosure judgment. An order confirming or denying confirmation of a sale is final and appealable. *Jesup v. City Bank of Racine* (1862), 15 Wis. 668 (*604); *Downer v. Cross* (1853), 2 Wis. 272 (*371); *Strong v. Catton* (1853), 1 Wis. 408 (*471).

In *Trilling v. Schumitsch* (1886), 67 Wis. 186, 188, 30 N. W. 222, this court stated: "If there were irregularities in the sale, the proper remedy was to appeal from the order of confirmation." Therefore the order directing sale is not final, and thus, not appealable. Appellant may raise on appeal from the order confirming sale, if and when such order issues, all the matters complained of here relating to the sale.

Appeal dismissed.