WALSCH and wife, and others, Plaintiffs and Respondents, v. DEANOVICH and others, Defendants and Respondents: ANDERSON, Intervening Defendant and Appellant.

*No. 273. Argued May 8, 1969.—Decided June 3, 1969.*
(Also reported in 168 N. W. 2d 213.)

For the appellant there was a brief by *Lichtsinn, Dede, Anderson & Ryan* of Milwaukee, and oral argument by *Karl M. Anderson.*

For the plaintiffs-respondents there was a brief by *Raleigh Woolf* of Milwaukee, and for the defendants-respondents Ione Deanovich, Donald Branta, Helen Branta, Clara Harte, and Irene Stahnke, by *John E. Schmidt* of Milwaukee, and oral argument by *Mr. Woolf* and *Mr. Schmidt.*

HALLOWS, C. J.    The only contested issue is whether the trial court abused its legal discretion in not confirming the sale. The court had before it an appraisal of the property, a parcel of improved commercial real estate at 1017 West Mitchell Street, in the city of Milwaukee. The appraisal set forth a market value of $49,000 and was made by two appraisers approved by the court. On the motion not to confirm, an affidavit of one Eva Lieberman was submitted which stated she was willing to bid $35,000 for the property. The court found the appellant's bid to be the equivalent of $28,926 when the value of the encumbrances were considered.

The law relating to judicial sale has been well settled in this state for many years. The granting or denying of confirmation rests in the court's broad discretion which is encompassed by the rule that a sale will not be set aside merely because the price is inadequate. *Strong v. Catton* (1853), 1 Wis. 408 (*471) ; *Gumz v. Chicker-*

*ing* (1963), 19 Wis. 2d 625, 121 N. W. 2d 279. However, the sale may be set aside or not confirmed if the inadequacy of the price is caused by a mistake, misapprehension, or inadvertence on the part of the interested parties or intending bidders, or the inadequacy is so great as to shock the conscience of the court. *Barnard v. Coates* (1965), 28 Wis. 2d 1, 135 N. W. 2d 809; *Bihlmire v. Hahn* (1966), 31 Wis. 2d 537, 143 N. W. 2d 433, certiorari denied, 387 U. S. 905; *Mueller v. Mizia* (1967), 33 Wis. 2d 311, 147 N. W. 2d 269; *Hales Corners Savings & Loan Asso. v. Kohlmetz* (1967), 36 Wis. 2d 627, 154 N. W. 2d 329. This is traditional descriptive language meaning an injustice to the owners of property would result if the bid were approved.

The area within which the court can exercise its discretion can be best characterized as one of degree, *i.e.,* if there is a mistake, misapprehension or inadvertency, the inadequacy of the bid in relation to value need not be so great as to result in an injustice, but if only an inadequacy of price exists, it must be of such magnitude as to render the price unfair in the judgment of a reasonable man and to confirm the sale would constitute or result in manifest injustice.

No contention is here made that a mistake, misapprehension, or inadvertency existed. The appellant argues the inadequacy of the amount of the bid, if inadequacy exists, is not great enough to justify the court's refusing to confirm the sale. He argues the appraisal of $49,000 is entitled to no weight because it is based on the highest price which the property will bring if exposed for sale in the open market, allowing a reasonable time to find a purchaser, who buys with the knowledge of all the uses to which it is adopted and for which it is being capable of being used. This is true, and the appraisal assumes the seller will warrant title and be free and clear of encumbrances and taxes. While one can expect a forced judicial sale to bring a lower price than a sale on the open market and, likewise, a sale potentially clouded by a lease

with a first refusal option will bring less than a sale free of such an encumbrance, the question presented to the trial court is how much less than the standard of the fair open-market value can the forced sale price be to reflect these circumstances and still be fair.

We think the trial court may consider the appraisal value and give it weight in determining a fair price at a judicial sale because it does have probative value for comparison purposes. Comparison is valid although not made between identicals because the differences can be evaluated and taken into account. Judicial sales do not have a separate strata of sale prices or a precise discount from open-market values. While it is true, in considering judicial sales, the public confidence in them must be considered as well as the gap in the price bid and the open-market value, no evidence was adduced to justify the bid as a fair price. Only the presumption of a fair price under the circumstances existed which was badly shaken by other evidence.

The appellant also argues the court should not have considered the Lieberman affidavit and offer to bid $35,000 because this price reflected a unique element of value to Lieberman as an adjacent landowner. While the property may have assemblage value to Lieberman, the question is, how much more? The trial court could consider this offer and give some weight but not necessarily full weight to it. Thus this bid translated into the terms the appellant bid would be $6,574 compared to the appellant's bid of $500, but this amount must be discounted by the assemblage value. An offer to bid a higher price on a resale is probative evidence of value. *Barnard v. Coates, supra; Gumz v. Chickering, supra.* We think, however, when a higher bid is offered to be made if a resale is ordered, the court, to secure the making of the bid, should fix such terms in the order for resale as will insure the higher bid will in fact be made. On the facts in this record, we cannot say the trial court abused its discretion in refusing to confirm the sale.

The appellant argues his deposit of $1,500 to secure his bid was not returned by the sheriff when the sale was not confirmed. Everyone agrees the appellant should have his deposit, and the ordering of its return seems to have been an oversight.

*By the Court.*—Order affirmed, with directions to the trial court to order the return of the $1,500 deposit to the appellant.

HEFFERNAN, J., took no part.