ESTATE OF HILLERY: McCARVILLE, Appellant, v. HINKINS and others, Respondents.

*No. 197. Argued March 31, 1970.—Decided April 28, 1970.*
(Also reported in 176 N. W. 2d 376.)

690

692

For the appellant there was a brief and oral argument by *Gilbert F. Barnard* of Darlington.

For the respondent Clara Geach there was a brief and oral argument by *Ervin W. Johnson* of Darlington.

For the respondent Russell Hinkins there was a brief by *McDaniel, Reinoehl & Belanger* of Darlington, and oral argument by *D. F. Reinoehl.*

WILKIE, J. The order which is before us is not an appealable one, and therefore the appeal must be dismissed. Even though the issue of the appealability of this order was not raised by the parties, this court has the duty to examine the question on its own motion.[1] If the matter in controversy is not appealable, then this court has no subject matter jurisdiction over the appeal.[2]

The order appealed from in this case denied appellant's motion seeking (a) an order appointing a special appraiser under the provisions of ch. 72, Stats.; (b) an order of appraisal of lands under ch. 316; (c) an order vacating and setting aside the inventory and appraisal previously filed; (d) an order directing the executrix to make and file an amended inventory and reappraisal of assets; and (e) an order declaring that Russell Hinkins forfeited his rights to purchase the 80 acres of land because of his alleged violation of the fiduciary trust while acting as administrator with will annexed.

This order is not a "final order" within a special proceeding under sec. 274.33(2), Stats., and therefore it is not appealable. Sec. 274.33 governs the appealability of orders of a court to this court. Matters in probate are special proceedings. When determining appealability from a probate court, sub. (2) of the above statute controls,[3] and provides that an order may be appealed to this court when it is:

---

[1] See *Dombrowski v. Tomasino* (1964), 24 Wis. 2d 16, 127 N. W. 2d 786; *Lentz v. Northwestern National Casualty Co.* (1963), 19 Wis. 2d 569, 120 N. W. 2d 722; *Yaeger v. Fenske* (1962), 15 Wis. 2d 572, 113 N. W. 2d 411.

[2] See *Estate of Stoeber* (1967), 36 Wis. 2d 448, 451, 153 N. W. 2d 599, citing Walther, *Appellate Practice*, p. 1.

[3] *Estate of Stoeber, supra,* footnote 2, at page 452.

"(2) *A final order affecting a substantial right:*
"(a) *Made in special proceedings,* without regard to whether the proceedings involve new or old rights, remedies or proceedings and whether or not the right to appeal is given by the statutes which created the right, remedy or proceedings, or
"(b) Made upon a summary application in an action after judgment." (Emphasis added.)

In *Estate of Stoeber* [4] this court recently quoted the definition of a final order in a special proceeding set forth in *Kingston v. Kingston,* [5] as follows:

" 'A final order in a special proceeding, within the meaning of this statute, is one which determines and disposes finally of the proceeding—one which, so long as it stands, precludes any further steps therein. It bears the same relation to the proceeding in which it is entered as the final judgment bears to an action.' "

In addition, this court, in the *Stoeber Case,* [6] quoted the following passage from the case of *Herman Andrae Electrical Co. v. Packard Plaza:* [7]

" 'This court has stated that the test to determine whether an order is a "final order" is its effect on the rights of the parties. If an order closes the matter and precludes further hearing and investigation it is final; but an order which does not completely dispose of the subject matter *and settle the rights of the parties is not final.* . . .' " (Citations omitted and emphasis added.)

Applying these standards to the instant order it is clear that this order is not appealable, even though the order affects substantial rights in a special proceeding. It is not appealable because it is not final. The rights of the parties were not settled by this order.

---

[4] *Supra,* footnote 2, at page 453. *See also Estate of Keske* (1966), 33 Wis. 2d 64, 68, 146 N. W. 2d 450.

[5] (1905), 124 Wis. 263, 264, 102 N. W. 577.

[6] *Estate of Stoeber, supra,* footnote 2, at page 452.

[7] (1962), 16 Wis. 2d 44, 48, 113 N. W. 2d 567.

The appellant has the remedy available to her of appealing from the order confirming the sale. Although we have found no Wisconsin case expressly holding that an order confirming or denying confirmation of a sale in probate is final and appealable, such has been held with respect to similar orders in connection with foreclosures,[8] and partition actions.[9]

Since the order here appealed from is nonappealable, this court has no jurisdiction to entertain the appeal and it should therefore be dismissed.[10]  Accordingly, we do not reach the merits.

*By the Court.*—Appeal dismissed.

---

[8] *Alsmeyer v. Norden* (1966), 30 Wis. 2d 593, 141 N. W. 2d 177; *Fronhaefer v. Richter* (1941), 237 Wis. 282, 296 N. W. 588; *Griswold v. Barden* (1911), 146 Wis. 35, 130 N. W. 952; *Jesup v. City Bank of Racine* (1862), 15 Wis. 668 (*604); *Starkweather v. Hawes* (1859), 10 Wis. 109 (*126); *Downer v. Cross* (1853), 2 Wis. 272 (*371); *Strong v. Catton* (1853), 1 Wis. 408 (*471).

[9] *Gertz v. Gertz* (1948), 252 Wis. 286, 31 N. W. 2d 620. (Although the order directing a sale in a partition action is not directly appealable, that order is reviewable as an intermediate order under sec. 274.34, Stats., when the order confirming the sale is appealed.) *See also Walsch v. Deanovich* (1969), 43 Wis. 2d 71, 168 N. W. 2d 213.

[10] *Mitler v. Associated Contractors* (1958), 3 Wis. 2d 331, 333, 88 N. W. 2d 672.