HOME BANK, Plaintiff and Respondent, v. BECKER, Defendant and Appellant: ZIEGLER, Receiver of Frances K. Becker, Defendant and Respondent.

*No. 130. Argued September 8, 1970.—Decided October 6, 1970.*
(Also reported in 179 N. W. 2d 855.)

1

For the appellant there were briefs and oral argument by *William F. Scholl* of Wauwatosa.

For the respondent The Home Bank there was a brief by *Charne, Glassner, Tehan, Clancy & Taitelman,* and oral argument by *Brendan M. Comer,* all of Milwaukee.

For the respondent Alfred A. Ziegler, receiver, there was a brief and oral argument by *Paul L. Moskowitz* of Milwaukee.

CONNOR T. HANSEN, J.

*Invalidity of judgment.*

On December 26, 1968, the appellant filed a motion with the trial court to have the cognovit judgment set aside because it was an invalid judgment. Counsel for appellant filed an affidavit in support of the motion stating the judgment was docketed August 23, 1967; that the court record contained no notice of entry of judgment; and among other things set forth:

"6. That, upon information and belief, the first legal notice of any kind that judgment had been taken against her was at the time the Sheriff attempted to serve said execution of judgment;"
and
"8. That, upon information and belief, no notice of entry of judgment was served on the defendant as required by statute."

In opposition to the motion, on January 13, 1969, respondent filed with the court an affidavit of mailing, signed by Hazel L. Baack, which stated that on the 24th day of August, 1967, she mailed, properly enclosed in a postpaid envelope, a letter dated August 24, 1967, addressed to the defendant at her last known address notifying the defendant that judgment had been entered against her. The affidavit incorporated by reference a copy of the letter. The copy of the letter had the words "Via certified mail" typed on it. No mention is made in the affidavit that the letter was mailed certified mail.

Sub. (3) of sec. 270.69, Stats., was created by ch. 36 of the Laws of 1967, and became effective May 28, 1967, and provides as follows:

"Within 30 days after a judgment is entered under sub. (2) the plaintiff shall, by certified mail, transmit notice of entry thereof to the judgment debtor at his last known address. Failure to transmit such notice shall invalidate the judgment."

There is no requirement in that section that proof of service of notice of entry of judgment appear in the record. This court has in other contexts held that where service of notice is expressly required by statute but proof of such service is not required to appear in the record, failure of the court record to show that notice was served does not invalidate the judgment.

". . . Where the record of a superior domestic court is silent upon the subject of the service of the process by which the court acquires jurisdiction of the defendant, it is presumed, in favor of the judgment, that lawful process was duly served. . . ." *Sommermeyer v. Schwartz* (1894), 89 Wis. 66, 70, 61 N. W. 311.

". . . The distinction between the fact of service, which is essential to jurisdiction, and proof of the fact of service, as the evidence of jurisdiction, has at times been lost sight of. If service of the summons in a case is, in fact, made on the defendants, that gives the court jurisdiction to render a valid judgment, so far as the service of process is concerned, though the evidence of record, constituting the proof of service, may fail in essential particulars to establish that such service was in fact made. . . ." *Schmidt v. Stolowski* (1905), 126 Wis. 55, 61, 105 N. W. 44.

"In many legal proceedings in courts it is well settled that it is the fact of service which gives the court jurisdiction of the person and not the proof of service. If service was in fact made, proof thereof may in many cases be supplied later when necessary." *State ex rel. Stengl v. Cary* (1907), 132 Wis. 501, 505, 112 N. W. 428.

The court in these cases indicated that whether a summons was, in fact, served, as required by statute, was a factual question. Thus, in this case where there is no requirement that proof of service of notice of entry of judgment appear in the record, whether or not the required notice was served is a question of fact.

We are of the opinion that the trial court improperly denied appellant's motion to set aside the judgment on the ground that it was invalid, in the belief that sec.

269.46, Stats., prevented it from invalidating the judgment since one year had elapsed since the entry of the judgment. Sec. 269.46 provides for relief from valid judgments on various grounds and has no application to void judgments. A void judgment can be set aside at any time.

"A judgment or order which is void may be expunged by a court at any time. Such right to expunge a void order or judgment is not limited by statutory requirements for reopening, appealing from, or modifying orders or judgments. . . ." *State ex rel. Wall v. Sovinski* (1940), 234 Wis. 336, 342, 291 N. W. 344.

While the legislature in creating sec. 270.69 (3), Stats., used the word "invalid" and not "void" in describing the effect on the judgment of failure to give the required notice, it could not have intended that a judgment would become a valid judgment, under all circumstances, if the defendant failed to move the court to vacate the judgment within one year of its entry. We do not interpret sec. 269.46 to mean that the mere lapse of one year would render a judgment valid to the extent that a court could not, under any circumstances, invalidate or set it aside. To do so would mean that a defendant who had no notice or lack of proper notice of the entry of judgment could not object to it after one year from its entry. The judgment is "invalid" or "void" in the sense that it is subject to being vacated at any time where the proper notice of entry has not been given.

The question then becomes, whether the judgment is invalid because of failure to mail notice of entry as required by sec. 270.69 (3), Stats. This is a question of fact.

The statement in the affidavit of defendants' counsel that notice was not sent as required by statute was on information and belief. This statement did not establish lack of compliance with the statute; at most, it raised the issue whether the requirements of the statute were complied with.

". . . An affidavit on information and belief is an anomaly. It is not an affirmance on knowledge. It is not proof which would be admitted in evidence on a trial of the issue. The most such an affidavit does is to affirm that the affiant was informed and believes a fact to be true. The proof of the fact is not within the affidavit. . . ." *McChain v. Fond du Lac* (1959), 7 Wis. 2d 286, 290, 291, 96 N. W. 2d 607.

Sec. 269.41, Stats., provides that proof of service of notice may be made by affidavit:

". . . Proof of service of notices and papers where no special mode of proof is provided may be made as provided by s. 891.18."

Under the provision of sec. 891.18, an affidavit of mailing creates a presumption that notice was duly served if the affidavit sets forth facts showing that it was duly served:

"Whenever any notice or other writing is by law authorized or required to be served, the affidavit of the person serving it setting forth the facts necessary to show that it was duly served, shall be presumptive proof that such notice or writing was duly served. . . ."

Under the provisions of this section, respondent is presumed to have served notice as required if his affidavit sets forth facts showing that notice was "duly served." Sec. 270.69 (3), Stats., requires that notice of entry of judgment be transmitted by certified mail. We conclude that the affidavit of mailing, together with Exhibit "A" attached thereto and incorporated therein, which is a copy of the notice of entry of judgment, stating that it was sent by certified mail, constitutes presumptive proof that the notice of entry of judgment was transmitted by certified mail as required by statute. Admittedly, the affidavit of mailing is not drafted as carefully as it could have been; hence it becomes an issue on this appeal. However, the affidavit contains an averment which specifically identifies the letter con-

taining the notice of entry and incorporates it in the affidavit by reference. The copy of the letter so incorporated in the affidavit says it was sent by certified mail. The phrase "incorporated by reference" has the legal effect of making the document so referred to part of the principal document so that both are to be read together as one. 42 C. J. S., *Incorporation,* p. 544.

In here determining that the record before us establishes presumptive proof that notice of entry of judgment was mailed by certified mail as required by sec. 270.69 (3), Stats., we do not deviate from the previous holdings of this court that strict compliance with the requirements of sec. 270.69 is necessary.

"Judgments on cognovit were permitted at the common law, but where the legislature has acted upon the subject, as in this state, we consider that the statutes supersede the common law and that only such judgments are now permitted on cognovit as come within the statutes. . . ." *Park Hotel Co. v. Eckstein-Miller Auto Co.* (1923), 181 Wis. 72, 74, 193 N. W. 998.

"It is therefore clear that judgments entered pursuant to the provisions of sec. 270.69, Stats., must be entered in strict compliance with it, . . ." *Chippewa Valley Securities Co. v. Herbst* (1938), 227 Wis. 422, 427, 278 N. W. 872.

### Receiver, ch. 128.

On December 11, 1967, the appellant received notice of an order to show cause why a receiver should not be appointed. A hearing on the motion was held on December 18, 1967. Appellant appeared at the hearing by her attorney and offered no objections to the appointment of a receiver. Thereafter appellant filed a schedule of creditors and an inventory, appraisers were appointed, notice was sent to creditors, the claims of creditors were filed and approved, and the appellant's property was sold. Not until after all these events had occurred did appellant, on December 19, 1968, move that the order

appointing the receiver be set aside on the grounds set forth above.

*(Alleged irregularities.)*

In this case the receiver was appointed by the county court pursuant to the provisions of ch. 128 of the statutes after an execution against the appellant, as judgment debtor, had been returned unsatisfied.

After participating in the receivership proceedings, as above stated, and more than one year after the receiver had been appointed, the appellant attacks the validity of the receivership.

The December, 1968, motion of the appellant requested the trial court to set aside the receivership and a sale of real estate for a variety of reasons, all of which we consider to be without merit or waived by the appellant because the objections to appointment of the receiver were not timely.

"Application of the doctrines of waiver, estoppel, or cure of errors may preclude a person from subsequently objecting to irregularities in the appointment of a receiver. . . . Where the court has jurisdiction of the subject matter and the parties, all irregularities, defects, and objections to the appointment may be waived, . . .

"A person waives or is estopped to complain of defects or irregularities in the appointment of a receiver where he applied for, consented to, or acquiesced in, the appointment, permitted the receiver to enter on and continue in the discharge of his duties, participated in the subsequent proceedings in such a way as to recognize the appointment, status, and acts of the receiver, failed to interpose a timely objection to the appointment, or make a seasonable application for vacation of the order of appointment, . . ." 75 C. J. S., *Receivers*, pp. 734–736, sec. 90.

We shall briefly set forth the alleged irregularities relating to the appointment of the receiver.

1. The receiver was appointed after the execution was returned unsatisfied. Sec. 128.08 (1) (a), Stats.

The appellant asserts that respondent had not exhausted its legal remedies prior to petitioning for a receiver even though the execution had been returned unsatisfied, for the reason that respondent failed to furnish the sheriff an indemnity bond or a description of property owned by the appellant. We find no such requirements in either sec. 128.08 (1) (a) or sec. 272.05.

2. The petition for the appointment of the receiver was made by one who represented himself as one of the attorneys for respondent. While we do not commend the petition as an example in legal draftsmanship, under the facts of this case, appellant cannot now challenge the sufficiency of the petition. The caption on the petition identified the respondent as the plaintiff and the petition stated that petitioner was one of the attorneys for the plaintiff-respondent. It is apparent from the record that the appellant was in no way prejudiced or misled by the petition. It is obvious that the petition was made by the attorney on behalf of the plaintiff-respondent.

3. The appellant responded to the petitioner's order to show cause issued thereon, at which time bond for the receiver was fixed in the amount of $500. The appellant actively participated in the receivership proceedings for over a year before challenging either the petition or the amount of the bond set by this court.

4. Appellant further requests that the court, as a court of equity, grant her relief from the judgment and receivership on the ground that the receiver failed to allow her certain exemptions of income and property provided by law. However, the appellant had at no time requested these exemptions and has thus waived her right to any such property or income exempt from execution. *Bong v. Parmentier* (1894), 87 Wis. 129, 58 N. W. 243.

### Jurisdiction of county court.

Appellant contends that the appointment of the receiver is invalid because sec. 128.01, Stats., confers ex-

clusive jurisdiction of proceedings under ch. 128 on the circuit courts and therefore the county court had no jurisdiction to appoint a receiver.

The jurisdiction of the circuit court over ch. 128 proceedings is not exclusive. Sec. 128.01, Stats., does not provide that the jurisdiction of the circuit courts is exclusive:

". . . the mere grant of jurisdiction to a certain court, by constitution or legislation, does not create exclusive jurisdiction in that court in the absence of a specific provision to that effect." 20 Am. Jur. 2d, *Courts*, p. 466, sec. 106.

The county court's jurisdiction over ch. 128 proceedings is governed by sec. 253.11, Stats. That section gives the county court jurisdiction of all civil actions and special proceedings concurrent with the circuit court, with certain enumerated exceptions. It specifically limits the areas over which the county court does not have concurrent jurisdiction with the circuit court, and ch. 128 proceedings are not there excepted from the county court's jurisdiction.

### *Sale of real estate.*

On December 19, 1968, the appellant moved the trial court to set aside the sale on the ground that the receiver was not acting in the best interests of the parties, and that the sale was not calculated to produce the most money or be the most advantageous to all parties in interest. After hearing, the trial court found the sale price reasonable and denied appellant's motion.

The appellant now asks this court as a court of equity to set aside the sale on the ground that the price was inadequate. The law in this state concerning the setting aside of judicial sales because of inadequacy of price was recently summarized by this court in *Walsch v. Deanovich* (1969), 43 Wis. 2d 71, 73, 74, 168 N. W. 2d 213. The court there stated:

"The law relating to judicial sale has been well settled in this state for many years. The granting or denying of confirmation rests in the court's broad discretion which is encompassed by the rule that a sale will not be set aside merely because the price is inadequate. *Strong v. Catton* (1853), 1 Wis. 408 (*471); *Gumz v. Chickering* (1963), 19 Wis. 2d 625, 121 N. W. 2d 279. However, the sale may be set aside or not confirmed if the inadequacy of the price is caused by a mistake, misapprehension, or inadvertence on the part of the interested parties or intending bidders, or the inadequacy is so great as to shock the conscience of the court. *Barnard v. Coates* (1965), 28 Wis. 2d 1, 135 N. W. 2d 809; *Bihlmire v. Hahn* (1966), 31 Wis. 2d 537, 143 N. W. 2d 433, certiorari denied, 387 U. S. 905; *Mueller v. Mizia* (1967), 33 Wis. 2d 311, 147 N. W. 2d 269; *Hales Corners Savings & Loan Asso. v. Kohlmetz* (1967), 36 Wis. 2d 627, 154 N. W. 2d 329. This is traditional descriptive language meaning an injustice to the owners of property would result if the bid were approved."

In the original appraisal of appellant's property by two court-appointed appraisers, dated March 11, 1968, a value of $45,000 was placed on the Lake Nagawicka property. On November 1, 1968, the receiver petitioned the trial court for approval of an offer to purchase that property for $30,000, submitted by Raymond E. Brenner and Neil J. Comeford. A hearing on the petition was held on November 11, 1968, at which time the court appointed another appraiser to reappraise the property, gave the appellant permission to submit an offer in excess of $30,000, and adjourned the hearing for one week.

Prior to the date of the adjourned hearing, the second court-appointed appraiser filed his written appraisal with the court. The appraisal stated that the fair market value of the property was $34,000 if used for commercial purposes, but that if a conditional use permit could be obtained from the city of Delafield for development of multiple family units, the fair market value would be $56,000.

On November 18, 1968, the date of the adjourned hearing, James W. Landry and Martin Thurnbauer appeared at the invitation of the appellant and offered $36,000 for the property. The court again adjourned the matter to allow the prior offerers time to reconsider their offer and to allow the appellant further time to submit an offer.

November 25, 1968, the court approved the sale of the unimproved Lake Nagawicka real estate owned by appellant for $36,000. No offer to purchase the real estate was submitted by appellant.

The dispute over the adequacy in price is caused by the fact that the property is zoned for commercial purposes by the city of Delafield and use of the property for multiple-family dwellings is permitted as a conditional use. A permit for conditional use cannot be issued without the approval of the planning commission of the city of Delafield. Use of the property is also limited by a subdivision control ordinance.

At the hearing on the motion to set aside the sale, the appellant submitted affidavits by two private appraisers setting their appraised value of the real estate at $50,000. However, each affiant testified at the hearing and stated that at the time of the execution of his affidavit he had not been aware of the subdivision control ordinance adopted in 1968, and that his appraisal would have been different had he been aware of the ordinance. Also, one of the two appraisers originally appointed by the court testified that at the time of his appraisal he was unaware of the ordinance. The second court-appointed appraiser, after citing the zoning regulations and the subdivision control ordinance, had fixed the fair market value at $34,000.

We have not discussed the provisions of the subdivision control ordinance. However, the property in question had lake frontage, and the ordinance significantly circumscribes the use of shoreline property.

The trial court, after hearing all the testimony on the issue, found the sale price of $36,000 was reasonable. The sale will not be set aside by this court unless the inadequacy of price is so great as to shock the conscience of the court. *Walsch v. Deanovich, supra.* In light of the ordinances and the uncertainty of obtaining a conditional use permit, the sale price of $36,000 cannot be considered so inadequate as to shock the conscience of the court.

## Attorney's fees.

In the cognovit note and judgment signed by the defendant, judgment was confessed in the amount due on the note "together with twenty-five per cent thereof as attorney's fees and all costs of collection." The judgment on the cognovit included $5,942.78 as attorney's fees. On May 5, 1969, the defendant moved the trial court to restrain enforcement of the judgment on the ground that the judgment was unconscionable because of the amount of the attorney's fees charged and allowed. After hearing, the motion was denied.

Relief against a judgment may be granted in equity to restrain the enforcement of an unconscionable judgment. *State v. Conway* (1968), 40 Wis. 2d 429, 162 N. W. 2d 71.

In the trial court, appellant did not allege that the attorney's fees were unreasonable as of May 5, 1969, the date on which the court was asked to restrain enforcement of the judgment. Respondent introduced no evidence to show the value of attorney's services. The trial court denied appellant's motion to restrain enforcement of the judgment. Its order did not state the reason for the denial. The court made no formal finding that the attorney's fees were reasonable. However, the following testimony in the record indicates that the trial court considered the fees reasonable:

"*The Court*: . . . Now, the question in the court's mind is whether that 25 percent goes beyond that. This includes the services for attempting to collect that judgment.

"[*Plaintiff's attorney*]: Well, at this point, we are strictly with the court of equity on this point and equity has to be fair to all parties. I think the court has reiterated over and over again, if ever there was a case where the attorney's fees were earned, it was in this case and I for one can vouch for that that they were. Because of the fact that we are going to appeal this case, I wouldn't want to make statements on the record to argue unconscionable.

"*The Court*: I can appreciate it."

This court has held that a stipulation in a note to pay certain attorney's fees other than taxable costs will be enforced when the amount stipulated to be paid is reasonable. *Lakeshore Commercial Finance Corp. v. Bradford Arms Corp.* (1970), 45 Wis. 2d 313, 173 N. W. 2d 165. This court has also held that the reasonableness of the amount of attorney's fees charged may be determined by this court on appeal, based on the judge's own knowledge of the value of services rendered by attorneys. *Will of Gudde* (1951), 260 Wis. 79, 49 N. W. 2d 906. *Lakeshore Commercial Finance Corp. v. Bradford Arms Corp., supra.*

Respondent states in his brief:

"The record of this matter contains multitudinous orders to show cause, motions, petitions, appraisals, affidavits, and counteraffidavits. . . . [P]laintiff was required to make at least seventeen court appearances, including four full days of trial. The transcript of argument and testimony alone runs 340 pages, and is replete with references to many other hours spent in chambers and off the record."

This assertion is not disputed.

If the amount allowed represented only attorney's fees for the comparatively simple procedure of entering the cognovit judgment on August 23, 1967, this court would

have little difficulty in arriving at the conclusion that such an amount for such services was unreasonable even though stipulated in the note. The note provided for 25 percent of the amount due on the note as attorney's fees and all costs of collection. The issue was raised in the trial court on May 5, 1969, after nearly two years of litigation. Also, at oral arguments on appeal, respondent's counsel stated that the amount so determined included attorney's fees and collection costs on this appeal. We do not interpret this to mean that respondent cannot tax additional costs on appeal as provided by statute.

Therefore, reviewing the reasonable value of professional services in this case, it is the judgment of this court that $5,942.78 is the reasonable value of such services.

*By the Court.*—Orders affirmed.