**Marian GEIGLE, Plaintiff and Appellant,**

v.

**Otto GEIGLE, Defendant and Appellee.**

**Civ. No. 9415.**

Supreme Court of North Dakota.

March 30, 1978.

See also 261 N.W.2d 399.

William R. Mills, Bismarck, for plaintiff and appellant.

Michael S. McIntee, Towner, for defendant and appellee.

ERICKSTAD, Chief Justice.

This is an appeal by Marian Geigle (hereinafter Marian) from an order approving sale of real estate by the District Court of Burleigh County. The order approves the sale of the real estate to Otto Geigle (hereinafter Otto).

The parties in this case were granted a divorce in the Burleigh County District Court in a judgment dated March 23, 1977. In that judgment the court directed that the real estate owned by the parties be sold at a public auction. The relevant part of the judgment reads:

"8. . . . The real property is to be sold by an advertised sale to be conducted by written sealed bids delivered to the Clerk of the District Court at McClusky, North Dakota by the running of appropriate ads in the Sheridan County newspaper and adjoining counties that the parties feel are advisable. Thereafter the five highest bidders shall be called into Court on an appropriate day for the purpose of re-bidding and at such time as oral bidding is commenced, the attorneys for the parties will act as referees in conducting such bidding and the land shall be sold at the highest bid price."

Pursuant to the judgment, advertisements for the real estate were placed by Otto in the Sheridan County newspaper and apparently two other papers in nearby counties. The advertisement stated that all bids must be received by or mailed to the clerk of the District Court of Sheridan County by 5:00 p. m., April 22, 1977. Otto and Mr. Adolph Pfahl were the only people to submit written bids.

On May 9, 1977, a hearing was held in the Burleigh County District Court in response to a motion by Marian which, among other things, asked that the real estate of the parties be readvertised. Marian objected to the part of the advertisement which read: "The owner reserves the right to reject any or all bids." She also alleged that Otto was informing prospective bidders that the land was not for sale. At the conclusion of the hearing, the court said no evidence was

presented at the hearing to support the allegation that Otto was misinforming prospective bidders. The matter of the right to reject bids was also discussed and in conjunction therewith it was contended by Otto that information was placed in the advertisement for the purpose of informing the public that the owner could also bid.

The court, in an order dated May 12, 1977, denied the motion to readvertise the real estate. Also as a result of that hearing, the court, in an order dated May 11, 1977, prohibited Otto from interfering with Adolph Pfahl or Marian or their agents in examining the farm for purposes of the upcoming sale. This order was not served by the sheriff upon Otto until May 26, 1977.

Otto's counsel, on May 10, 1977, sent a letter to the interested parties informing them that the oral rebid session for the real estate would be held at 2:30 p. m. on May 16, 1977, at the offices of the clerk of the district court in McClusky, North Dakota. Marian's counsel asserts that he wrote a letter on May 12, 1977, to Otto's counsel informing him that the oral rebid must be rescheduled. Otto's counsel denies receiving this letter.

On May 16, the oral rebid session was held before the clerk of the district court in McClusky. In attendance were the Clerk, Mr. Pfahl, Otto, and the attorneys for Otto and Marian. Otto orally bid $101 an acre which was the highest bid for the real estate.

On May 23, 1977, Marian served Otto with an application for supplementary relief, contesting the propriety of the oral rebid session. This application was filed with the Burleigh County District Court on June 3, 1977. In that application, Marian rejected the $101 an acre bid by Otto and offered her own bid of $150 an acre.

On July 8, 1977, a hearing was held before the Burleigh County District Court in regard to the application for supplementary relief and other matters. At the hearing the court did not allow Marian to bid, and on July 14, 1977, signed an order approving the sale of the real estate to Otto.

Marian appealed to this court from that order and Otto made a motion to dismiss that appeal. In *Geigle v. Geigle,* 261 N.W.2d 399 (N.D.1977), we denied that motion and held that the order was appealable. The case is now before us on the merits.

Marian contends on this appeal that the order approving sale of the real estate should be set aside, and the matter remanded to the district court for further proceedings. Marian is not contesting the judgment which established the procedures for the sale of the real estate, but she is contesting the actual procedures which were followed in the sale.

Otto, on the other hand, contends that the procedures set out in the judgment for the sale were followed, and that therefore the order of the district court should be affirmed.

■ We think that, when considering the totality of the circumstances surrounding this sale, the order approving the sale must, in the interests of justice, be set aside. The circumstances which when considered separately may not be sufficient, but which when considered together require the order approving the sale of the real estate to be set aside, are as follows:

1. *The advertisement in the newspapers which stated: "The owner reserves the right to reject any or all bids."* At the May 9, 1977, hearing, the district court inquired into the meaning of that provision. The answer was that it was placed in the advertisement so that someone could not later assert that the owners could not bid. The court pointed out that the advertisement did not say that, but that it instead reserved the power to reject all bids. Notwithstanding, the court did not order the sale to be readvertised. The problem with the court's disposition is that, although the court held that neither Otto nor Marian could reject the bids under that provision, other people who might have bid did not know this. That sentence may have caused other potential bidders not to submit a bid. It may also have been the reason that Marian did not originally submit a written bid. She may have believed that she had the right to reject all bids.

2. *The failure of the attorneys to act as referees.* The judgment provided that the attorneys were to act as referees in the bidding for the real estate. The district court, therefore, anticipated that the attorneys could and would work together to set up a fair system of bidding. Unfortunately, that did not occur. Instead, Otto's counsel placed the advertisement in the newspapers without first securing Marian's counsel's approval as to form. Likewise, a date for the oral bidding was set by Otto's counsel without Marian's counsel's approved. Otto, at the oral rebidding session, asserted what he believed to be included in the sale. Marian later took issue therewith. The attorneys did not act as "referees" as required by the judgment. The court summed up what happened when it said, "Unfortunately this matter has been a fiasco from the time of my original order."

3. *Marian was deprived of the financial information she needed in order to make a bid.* Marian attempted to get information from the FHA on the amount of the mortgage and from Harvey Livestock on the price received by Otto for the sale of some cattle. She was unsuccessful in getting the information from either source. Otto's attorney claimed at the July 8 hearing that the documents Marian wanted to examine were "Otto's secret documents". The court, at that hearing, made it clear that Marian should have access to those documents and ordered that Otto furnish a written accounting of what had transpired since the time of the original decree. Otto complied with that order subsequent to the July 8 hearing. This information obviously came too late to be of any assistance to Marian in the bidding process.

4. *The failure of the sheriff to timely serve the order prohibiting interference by Otto.* On May 11, 1977, an order was signed by the district court prohibiting Otto from interfering with Adolph Pfahl or Marian or their agents in examining the farm for the purposes of the upcoming sale. This order was not served on Otto by the sheriff until May 26, 1977, ten days after the oral rebidding session was held. The protective order was thus useless to Adolph Pfahl and Marian.

5. *Marian made timely objection to the oral rebid session.* Otto contends that no objection was made until after the sale was completed and the highest bid was then unsatisfactory to Marian. Marian, on the other hand, contends that the letter of her attorney to Otto's attorney before the 16th of May shows her prompt objection. Her attorney, who was present at the rebidding session, states that there was no one to whom he could make his objections known at that session. He emphasizes that, according to the judgment, the five highest bidders were to be called "into court" on an appropriate date for the oral rebidding. He contends that the clerk's office, where the oral rebidding took place, was not "into court" as the judgment required. He claims that there was no one in authority to object to on the day of rebidding, and that he promptly filed his objections to the district court in the application for supplementary relief.

6. *Marian submitted or attempted to submit a bid of $150 an acre.* In her application for supplementary relief, and at the July 8 hearing, Marian bid $150 an acre for the property. This bid of Marian was substantially higher than Otto's bid of $101 an acre and was made before confirmation of the sale. This higher bid could have been considered by the court in the confirmation determination had it seen fit to do so. See *Walsch v. Deanovich,* 43 Wis.2d 71, 168 N.W.2d 213 (1969); *Knouse v. Knouse,* 157 Neb. 748, 61 N.W.2d 388 (1953).

The confirmation of a judicial sale is a matter within the discretion of the trial court. *Walsch v. Deanovich, supra; Hull v. Hull,* 183 Neb. 773, 164 N.W.2d 455 (1969). In *Hull* the Nebraska Supreme Court elaborated upon that general principle by adding:

"[2] The discretion to be exercised is not arbitrary, however, but should be one which is sound and equitable in view of all the circumstances. The court must act in the interest of fairness and prudence, and with a just regard to the

**892**

rights of all concerned and the stability of judicial sales. *Michelson v. Wagner,* 170 Neb. 28, 101 N.W.2d 498."

In this case, in light of all the circumstances, we hold that the district court abused its discretion in approving the sale of real estate. Although none of the circumstances mentioned in this opinion standing by themselves would necessarily be sufficient reason to set aside the order approving the sale, the totality of the circumstances require, in the interests of justice, such a result. A judicial sale should be conducted in the manner established by the judicial decree and in a manner to secure the best possible price. See *Knouse v. Knouse, supra; Prettyman v. Chandler's Adm'rs,* 174 Va. 99, 5 S.E.2d 521 (1939). In this case the procedures set out in the judgment for the conduct of the sale were not followed, and it is possible that the circumstances surrounding the sale had a chilling effect on the bidding. A chilling of the bidding is a sufficient ground for setting aside the sale. See *Koester v. Koester,* 543 S.W.2d 51, 54 (Mo.App.1976); *Boxwell v. Boxwell,* 444 S.W.2d 510 (Mo.App.1969); and *Ex parte Keller,* 185 S.C. 283, 194 S.E. 15 (1937). We therefore remand the case to the district court for readvertising, rebidding and resale.

In the event that it is decided that the attorneys cannot work together harmoniously to accomplish this objective, a receiver should be appointed by the district court to do so. Because the land at issue is farmland, if it is to be utilized this year, the sale should be consummated soon. That these matters may appropriately be done through a receiver we very recently concluded. *Rummel v. Rummel,* 265 N.W.2d 230 (N.D. 1978).

The order approving sale of real estate is therefore set aside and the case is remanded to the district court for further proceedings consistent with this opinion.

VOGEL, PEDERSON, PAULSON and SAND, JJ., concur.